KLEIN, J.
Appellant was convicted of robbery with a deadly weapon while wearing a mask. We reverse for a new trial because the court erred in limiting appellant’s cross-examination of the state’s key witness.
The robbery occurred in a barbershop and was carried out by two men with shirts pulled over their heads, both of whom had guns. Neither of the victims could identify the robbers, whom they both described as non-white but light skinned. One of the victims testified at trial that appellant had darker skin than the other robber.
The primary testimony implicating appellant was from a woman who was friend *1274 ly with the other defendant but knew appellant only from seeing him around. She testified that she was with appellant, the eo-defendant, and two other young men later on the day of the robbery and there was joking to the effect that there had been an incident in which appellant had trouble in getting his gun out of his pocket.
This same witness had previously testified that she knew nothing about the robbery until she had been questioned and given details of the robbery by the police. The court, however, would not allow her to be cross-examined as to how much information the police had provided her. In appellant’s proffer, the witness testified that the police had told her that one of the men had confessed, that the robbers had shirts over their heads rather than masks, that there were guns involved, and who had the guns. Her testimony on the proffer about what she knew and when she knew it was full of inconsistencies.
This witness was the only witness linking appellant to the robbery and his primary theory of defense was to attack her credibility. The court would not allow her to testify as to the details of what the police had told her on the ground that it was irrelevant and hearsay.
The information the police gave this witness was clearly relevant. Where evidence tends in any way to establish a reasonable doubt of defendant’s guilt, it should be admitted. Rivera v. State, 561 So.2d 536 (Fla.1990). And, as our supreme court recently explained in Butler v. State, 27 Fla. L. Weekly S461 (Fla. May 9, 2002):
[C]ross-examination is not limited to the exact details testified to on direct examination but extends to the whole subject and all matters that modify, supplement, contradict, rebut or make clearer the direct testimony.
Nor was the testimony as to what the police had told this witness inadmissible as hearsay, because it was not offered to prove the truth of the statements by the police. § 90.801(l)(c), Fla. Stat. (2000).
Because the state’s case hinged entirely on the credibility of this witness, we cannot agree with the state that this error was harmless. We therefore reverse for a new trial.
STEVENSON, J., and BAILEY, JENNIFER D., Associate Judge, concur.