920 So.2d 1205 (2006)
Jean W. ELYSEE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-1414.
District Court of Appeal of Florida, Fourth District.
February 15, 2006.
*1206 Carey Haughwout, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.

ON MOTION FOR REHEARING
KLEIN, J.
We grant appellant's motion for rehearing, withdraw our opinion issued on November 16, 2005, and replace it with this opinion.
Appellant was convicted of attempted sexual battery of a person over the age of twelve, and argues that the trial court erred in admitting the victim's statements to an officer as an excited utterance and in permitting the victim's mother to testify about the victim's behavior following the incident. We find error requiring a new trial as to the excited utterance, but conclude that the mother's testimony was admissible to refute appellant's position that the victim had concocted the story.
Appellant and the seventeen-year-old victim worked at the same place, and after they got off work, he offered her a ride home. According to the victim, he kissed her, and after she made it clear she did not want to be kissed, he put her hand on his penis, touched her breasts, and touched her vagina. Just after the victim had been able to stop appellant from doing anything further, an officer pulled up and turned his blue lights on. The victim testified that at that point she was crying and was too scared to move.
The officer explained that he had been concerned that they might have been staking out a house in order to commit a *1207 robbery. After first telling the officer that appellant was taking her home, the victim then told him what actually happened, because she was afraid to leave with the appellant. The officer called her mother, who came and picked her up.
Appellant argues that the court erred in allowing the officer to testify about what the victim told him, which occurred about fifteen to twenty minutes after the incident. The trial court admitted this testimony as "a statement or excited utterance relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." § 90.803(2), Fla. Stat. (2003).
Whether the necessary state of mind is present for a court to admit a statement as an excited utterance is a preliminary fact to be determined by the trial court, and our standard of review is abuse of discretion. Cotton v. State, 763 So.2d 437 (Fla. 4th DCA 2000).
The facts on which the trial court found the excited utterance to be admissible are as follows. The officer testified at trial that he had first noticed the vehicle parked with the lights out in an area where recently there had been a number of burglaries. When he pulled up behind the vehicle, it started up and started to move. The officer then called in the tag number, turned on his overhead lights, and the vehicle stopped. He asked both appellant and the victim for their driver's licenses, and observed that the victim was very nervous, had tears in her eyes and was obviously distraught. This was an indication to him that something was wrong, even though, as we noted earlier, the victim had initially told him that the appellant was taking her home.
About fifteen to twenty minutes later, after a backup officer arrived, the victim asked to speak with the officer alone and told him what the appellant had done to her. The officer testified that during the entire period from when he had stopped them, until when she told him what had occurred, she had appeared scared and her demeanor had never changed. As she got out of the car to speak with him alone, she was visibly upset and her eyes were watery.
Before the officer's testimony, however, the victim was asked why she initially told the officer that the appellant was merely taking her home, and she responded as follows:
At first it was just because I was scared, but I got to thinking about it and that's when I asked him if I could talk to him outside of the car, cause I wanted to tell him what happened. (emphasis added)
In State v. Jano, 524 So.2d 660, 661 (Fla.1988), our supreme court explained:
The essential elements necessary to fall within the excited utterance exception are that (1) there must be an event startling enough to cause nervous excitement; (2) the statement must have been made before there was time to contrive or misrepresent; and (3) the statement must be made while the person is under the stress of excitement caused by the event. (emphasis added)
Jano quoted E. Cleary, McCormick on Evidence § 297 at 856 (3d ed.1984), as follows:
Perhaps an accurate rule of thumb might be that where the time interval between the event and the statement is long enough to permit reflective thought, the statement will be excluded in the absence of some proof that the declarant did not in fact engage in a reflective thought process.
In this case, the state failed to demonstrate, by a preponderance of the evidence, *1208 that the statements were made before there was time to engage in reflective thought, Tucker v. State, 884 So.2d 168, 174 (Fla. 2d DCA 2004). The victim's own testimony indicated beyond any question that she had engaged in reflective thought.
Allowing the officer to bolster the credibility of the victim, who was the only witness to the crime, with her prior consistent statements, was prejudicial. Barnes v. State, 576 So.2d 439 (Fla. 4th DCA 1991). We must accordingly reverse.
Because this case must be retried, we address the second issue, which is whether the court erred in allowing the victim's mother to testify as to her observations of the victim on the days following the incident. The mother testified that when she arrived at the scene her daughter was distraught, very upset, crying and shaking. The state was then allowed to ask, over appellant's objection, how the victim behaved during the period following the day of the incident, and the mother stated:
For a while my daughter was very clingy with me. Went to the grocery store and she wouldn't even go to the restroom alone. That's not at all like her. She was very sullen. Cried a lot. Stayed in her room a lot. Wouldn't talk to anybody.
The objection raised in the trial court was that this testimony was not relevant. The state responded that appellant's defense was that the victim had fabricated the story and that her emotional state in the days after the incident refuted that defense. Appellant asserted in opening statement and argument that the victim had expressed interest in him, but he had rejected her.
Relevant evidence is evidence which tends to prove or disprove a material fact. § 90.401, Fla. Stat. (2003). All relevant evidence is admissible, except as provided by law. § 90.402, Fla. Stat. (2003). Our standard of review of a trial court's decision on what is relevant is abuse of discretion. Grau v. Branham, 761 So.2d 375 (Fla. 4th DCA 2000).
We cannot agree with appellant that the factual observations by the mother, of the daughter's behavior during the days after the incident, are irrelevant as a matter of law. If the victim had engaged in conduct inconsistent with the charges, for example, attending a party and enjoying herself, immediately after she left the scene, we have no doubt that the appellant would consider that evidence to be relevant. In Watkins v. State, 121 Fla. 58, 163 So. 292, 293 (1935), our supreme court observed that:
Facts which on principles of sound logic tend to sustain or impeach a pertinent hypothesis of an issue are to be deemed relevant and admitted into evidence, unless proscribed by some positive prohibition of law.
See also Delap v. State, 440 So.2d 1242 (Fla.1983) (A medical expert's opinion as to cause of death in a criminal case need not be expressed in terms of reasonable medical certainty. Opinion that occurrence might have caused death is relevant and admissible, with the weight to be determined by the jury).
The victim's morose behavior in the days following the incident was not irrelevant as a matter of law in this case, where appellant's theory of defense was that the victim had made the whole thing up because he had rejected her advances.
Although the trial court did not abuse its discretion in allowing the brief testimony of the mother in this case, we caution that the prejudicial impact of this type of evidence could, under different circumstances, outweigh its probative value. *1209 § 90.403, Fla. Stat. (2003). That argument was not raised in the trial court in this case.
Reversed for a new trial.
WARNER and TAYLOR, JJ., concur.