980 So.2d 1105 (2008)
Kyle Alexander VANEVERY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-3120.
District Court of Appeal of Florida, Fourth District.
February 13, 2008.
*1106 Carey Haughwout, Public Defender, and Paul E. Petillo, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
Appellant was convicted of DUI manslaughter, grand theft auto and driving while license revoked. We reverse for a new trial because the court erred in admitting hearsay statements, as well as statements appellant made to an investigating officer after the officer told him that withholding information is a crime.
The victim was struck and killed while on his bike in the early morning hours. The truck which appeared to have struck, him was found abandoned near the scene of the accident. Shortly after the accident, appellant approached an acquaintance who was in his home and made incriminating statements. While appellant was still outside, the acquaintance called 911 and asked the dispatcher to send the police because the appellant was there and had made incriminating statements. Officers responded and found appellant outside the townhouse and the truck nearby. One of the officers gave appellant Miranda warnings, which he waived and gave a statement which was recorded and played for the jury.
In the statement, appellant denied being involved in the accident and suggested that the truck was owned or driven by people he knew and with whom he had been socializing at the time. One of those owners or drivers was Rebecca Salinas. Appellant also indicated that he, Salinas, and others had been drinking and using drugs. *1107 Significantly, when appellant was being vague about who could have been driving, the officer said:
Well, you do understand that withholding information is a crime and you don't want us to mess with you, but now you are telling me you don't really want to tell me but you know.
Vanevery: Well, basically, it could have been either Mike or Rebecca, most likely.
We agree with appellant that any statements made by appellant after the officer told him that "withholding information is a crime, and you don't want us to mess with you," were inadmissible. This threat was contrary to the Miranda warnings the appellant had been previously been given, which informed him that he could stop answering questions at any time. Ripley v. State, 898 So.2d 1078 (Fla. 4th DCA 2005); State v. Norstrom, 613 So.2d 437 (Fla. 1993). We need not address whether this error is harmless, because a second error requires a new trial in any event.
Rebecca Salinas did not testify, but the trial court allowed a detective who had investigated the crime to testify that he spoke with Salinas, who was identified by appellant as possibly having been the driver, and that Salinas had not told him anything that would lead him to believe that she had been the driver. This was clearly inadmissible hearsay. Schaffer v. State, 769 So.2d 496 (Fla. 4th DCA 2000). We disagree with the state's argument that when appellant's counsel merely said "objection" the lack of specificity waived the error, as it had been discussed at a sidebar conference. Woods v. State, 733 So.2d 980, 987 (Fla.1999) ("vague" objection preserved hearsay issue when basis was clear from context); § 90.104(1)(a), Fla. Stat. (requiring specific ground of objection "if the specific ground was not apparent from the context"). The state also argues that the defendant, because of a remark in opening statement, opened the door to this otherwise inadmissible testimony. We disagree. Burns v. State, 609 So.2d 600, 605 (Fla.1992) ("Comments made by defense counsel during opening statement do not `open the door' for rebuttal testimony by state witnesses on matters that have not been placed in issue by the evidence."); Simpson v. State, 824 So.2d 280 (Fla. 4th DCA 2002).
Appellant also argues that the court abused its discretion in admitting the contents of the 911 call as an excited utterance or spontaneous statement under section 90.803(1)(2), Florida Statutes (2005). Although testimonial statements are not admissible under Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), that decision was clarified in Davis v. Washington, 547 U.S. 813, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006), which held that a transcript of a 911 call by a victim of domestic violence was not testimonial and could be admissible if it met an exception to the hearsay rule.
Appellant argues that the recording of the 911 call demonstrates, from the calm tone of the caller, who may have been speaking quietly in order to not be heard by appellant, that it was not an excited utterance. This determination involves a factual finding by a trial court, which is reviewed under the abuse of discretion standard. Mariano v. State, 933 So.2d 111 (Fla. 4th DCA 2006). In this case we are unable to say that the court abused its discretion in determining that this 911 call was an excited utterance. Even if it were not an excited utterance, however, it was admissible as a spontaneous statement, because it was "describing or explaining an event or condition made while the declarant was perceiving the event or condition." *1108 The event described was that Vanevery was pounding on his door and trying to burn paperwork from the car. § 90.803(2), Fla. Stat.
We have considered the remaining issues raised by appellant and find them to be without merit.
Reversed for a new trial.
WARNER and FARMER, JJ., concurs.