GERBER, J.
 

 Juan Arrieta-Rolon (the “defendant”) appeals his conviction for first-degree murder. He argues that the trial court erred by admitting into evidence, as excited utterances, hearsay statements which a witness gave to a police officer at the scene. We agree with the defendant that the statements were not excited utterances. However, the state has shown beyond a reasonable doubt that the statements, which merely corroborated the witness’s trial testimony, did not affect the verdict. Therefore, we affirm.
 

 The defendant and his girlfriend, Janai-na, were sitting outside of his apartment complex along with Janaina’s friend, Fer-nanda, who lived in another unit. Janaina said something which upset the defendant. Fernanda never had seen the defendant so upset. The defendant said he was going home and left. Ten or fifteen minutes later, the defendant returned and put a gun to Janaina’s face. The defendant asked Janaina, “Don’t you think I have courage?” Janaina did not reach up to touch or block the gun. The defendant pulled the trigger, and Janaina fell to the ground.
 

 Fernanda ran to a neighbor’s unit. The neighbor observed Fernanda was crying. Fernanda said the defendant killed her friend, and she wanted to call her mother. She reached her brother and told him to call 911. Fernanda then ran into the parking lot and asked a driver to stop. The driver observed Fernanda was “[v]ery nervous and crying a lot.” Fernanda said her friend was hurt, and she asked the driver to call 911.
 

 Fernanda then returned to the scene. The defendant was holding Janaina. The defendant said, “Please tell them that it was not me.” He said he did not want to do it, and it was an accident. He said he wanted to scare Janaina, not kill her. Fernanda and the defendant stayed there until the police arrived about twenty minutes later.
 

 Fernanda testified that, when the police arrived, she initially told the police that she did not know who shot Janaina, and that the bullet came from someplace else. She testified she made this initial statement because the defendant was standing nearby, and she was scared he “was going to do something against me.” She testified that about ten minutes later, when the police separated them, she told the police the truth.
 

 The officer who separately spoke to Fer-nanda testified later in the trial. He stated that, when he initially approached Fer-nanda, she was upset and crying. She said that she did not know who shot Janaina. When the officer testified that Fernanda was concerned about the defendant standing nearby, and that she did not want him to hear what she was saying, the defendant objected as to hearsay. The state agreed it was hearsay, but argued the excited utterance exception applied. The trial court required the state to have the officer lay a predicate as to Fernanda being upset and crying. After the officer did so, the trial court overruled the objection. The officer then testified that he put Fer-nanda in his patrol car. When the state asked the officer what Fernanda said in the car, the defendant made another hearsay objection. The state argued Fernan-da’s response would be another excited utterance. The trial court overruled the objection. The officer then testified Fer-nanda said “what happened to her friend could happen to her.”
 

 
 *126
 
 The jury found the defendant guilty. This appeal followed. The defendant argues the trial court erred in finding that Fernanda’s statements to the officer were excited utterances. According to the defendant, the state presented no evidence that Fernanda still was under the stress of excitement from the shooting at the time of the statements. The defendant adds that Fernanda had time for reflection because she gave the police two different versions of how the shooting occurred. The defendant also argues the state cannot prove the error was harmless. According to the defendant, the statements bolstered the state’s case that he murdered Janaina with premeditation, destroyed his credibility, and contradicted his only defense that the shooting was a tragic accident. The defendant also contends the state compounded the error during closing arguments by referring to the statements.
 

 Section 90.803(2), Florida Statutes (2008), provides that “[a] statement or excited utterance relating to a startling event or condition made while the declar-ant was under the stress of excitement caused by the event or condition” is not inadmissible. The determination of whether a statement is an excited utterance “involves a factual finding by a trial court, which is reviewed under the abuse of discretion standard.”
 
 Vanevery v. State,
 
 980 So.2d 1105, 1107 (Fla. 4th DCA 2008). “In order for a statement to qualify as an excited utterance exception to the hearsay rule pursuant to section 90.803(2) ... the statement must be made: (1) regarding an event startling enough to cause nervous excitement; (2) before there was time to contrive or misrepresent; and (3) while the person was under the stress or excitement caused by the event.”
 
 Hayward v. State,
 
 24 So.3d 17, 29 (Fla.2009) (internal citations and quotations omitted).
 

 As to the first prong, Fernanda’s statements were related to the shooting, which obviously was an event startling enough to cause nervous excitement.
 
 See id.
 
 (“It is not necessary that the statement illustrate the startling event; it is enough that the statement relate to the event.”). As to the second and third prongs, the supreme court has held:
 

 [W]hile an excited utterance need not be contemporaneous to the event, it must be made while the declarant is under the stress of the startling event and without time for reflection. The statement must be made without time for reflective thought because it is the lack of time to contrive or misrepresent the facts that provides the reliability for such statements .... [T]he test regarding the time elapsed is not a bright-line rule of hours or minutes.... [T]he [f]actors that the trial judge can consider in determining whether the necessary state of stress or excitement is present are the age of the declarant, the physical and mental condition of the declarant, the characteristics of the event and the subject matter of the statements.
 

 Id.
 
 (internal citations and quotations omitted).
 

 Here, the trial court overruled the defendant’s objections without expressing whether it had considered those factors. Our review of the record indicates that Fernanda was eighteen when the shooting occurred, though we cannot say her age was significant. The record also suggests that Fernanda was under greater stress immediately after the shooting than she was after the police arrived. That is, immediately after the shooting, she ran away, frantically crying and searching for help. She then returned to the scene. When the police arrived twenty minutes later, she was still upset. But she told the police a false version of how the shooting occurred before asking to be moved away from the
 
 *127
 
 defendant. Only after being put in the police car did she indicate that the defendant was the shooter. Such circumstances demonstrate that Fernanda had the time for reflective thought. Thus, her statements to the police were not excited utterances.
 

 Cases with similar facts support our conclusion.
 
 See, e.g., Evans v. State,
 
 838 So.2d 1090, 1093-94 (Fla.2002) (witnesses’ statements were not excited utterances where the witnesses initially told the police that the victim was shot by a man driving by and only after new officers arrived and significant time had elapsed did the witnesses identify the defendant as the shooter);
 
 Elysee v. State,
 
 920 So.2d 1205, 1207-08 (Fla. 4th DCA 2006) (victim’s statement was not an excited utterance where the victim initially told an officer that the defendant was taking her home, but fifteen to twenty minutes later, asked to speak with the officer alone and told him that the defendant had attempted sexual battery upon her; even though the victim appeared visibly upset, the victim had engaged in reflective thought).
 

 Although the trial court erred in finding Fernanda’s statements to the officer to be excited utterances, we find the error was harmless. In its answer brief, the state has proven beyond a reasonable doubt there is no reasonable possibility that the error contributed to the conviction.
 
 See Ventura v. State,
 
 29 So.3d 1086 (Fla.2010) (quoting
 
 State v. DiGuilio,
 
 491 So.2d 1129, 1138 (Fla.1986)) (“The harmless error test ... places the burden on the state, as the beneficiary of the error, to prove beyond a reasonable doubt that the error complained of
 
 did not contribute to the verdict
 
 or, alternatively stated, that there is
 
 no reasonable possibility that the error contributed to the
 
 conviction.”) (emphasis added in Ventura).
 

 Among other arguments, the state has shown that Fernanda’s statements to the officer merely corroborated Fernanda’s trial testimony that Fernanda was afraid of the defendant after the shooting occurred and that the defendant was the shooter. Because of this corroboration, the error in admitting Fernanda’s statements to the officer was harmless.
 
 See Hojan v. State,
 
 3 So.3d 1204, 1210 (Fla.2009) (“[W]here the evidence introduced in error was not the only evidence on the issue to which the improper evidence related, the introduction can be harmless.”);
 
 Esteban v. State,
 
 967 So.2d 1095, 1099 (Fla. 4th DCA 2007) (trial court committed harmless error in allowing a witness to testify that the victim stated she knew her attacker, where the witness’s testimony was merely cumulative to the victim’s testimony);
 
 Erickson v. State,
 
 565 So.2d 328, 334 (Fla. 4th DCA 1990) (“It is well settled that even incorrectly admitted evidence is deemed harmless and may not be grounds for reversal when it is essentially the same as or merely corroborative of other properly considered testimony at trial.”).
 
 Cf. Mariano v. State,
 
 933 So.2d 111, 117 (Fla. 4th DCA 2006) (trial court’s error admitting hearsay was not harmless where the victim’s statement relayed by one witness went beyond the victim’s statements relayed by other witnesses and were inconsistent with the victim’s trial testimony);
 
 but see Elysee,
 
 920 So.2d at 1208 (“Allowing the officer to bolster the credibility of the victim, who was the only witness to the crime, with her prior consistent statements, was prejudicial.”).
 

 Because the error in admitting Fernan-da’s statements to the officer was harmless, we affirm the defendant’s conviction.
 

 Affirmed.
 

 TAYLOR and LEVINE, JJ., concur.