LEVINE, J.
 

 The issue presented is whether the trial court erred by admitting the victim’s telephone call to 911 as an excited utterance. We find the trial court did not err, and we affirm the conviction and sentence imposed.
 

 The victim, who at the time was seventeen years old, went to sleep only to be awoken some time later by a man with his hand around her neck. The assailant threatened to kill her if she did not stop fighting and increased pressure to her neck. A blanket was placed around the victim’s face so she was unable to see, and she was unable to recognize the man’s voice. The man removed her clothes, forced his penis into her vagina and raped her for thirty to forty-five minutes.
 

 After raping the victim, the man ordered the victim to take a shower. He then took a picture of the victim nude on his mobile phone and ordered the victim to write a note, with her signature, stating that the sex was consensual. Before departing, the man removed the bed sheets, took the victim’s keys, and asked for her mobile phone number. He told the victim that he would hurt her mother or grandmother if she called the police.
 

 Roughly five minutes after the attacker left, the victim telephoned her mother. The victim related the events to her mother, and the mother convinced the victim to call the police and report the assault.
 

 
 *154
 
 The victim suspected appellant as her attacker, because she could smell cigarette smoke on her assailant, and the attacker said he would leave her keys on her washing machine when he left her home. The victim believed only a neighbor would know that the washer and dryer were located outside the unit. Finally, appellant had openly flirted with the victim and in the past asked the victim to perform sexual favors in exchange for an automobile.
 

 The victim met appellant when she was five years old. The victim described appellant as a kind man who would look after the victim’s grandmother. A forensic analyst testified at the trial that appellant was the only source of the semen found in the victim’s vagina, as well as the source of the other DNA evidence found on the victim’s neck. Appellant was found guilty on the charge of burglary with an assault or battery, sexual battery, and sexual activity with a minor.
 

 Appellant contends the trial court erred in allowing the admission of the victim’s call to 911 to report the assault. As recently noted by the Florida Supreme Court,
 

 A trial judge’s ruling on the admissibility of evidence will not be disturbed absent an abuse of discretion.
 
 Alston v. State,
 
 723 So.2d 148, 156 (Fla.1998). The trial court’s discretion is constrained, however, by the application of the rules of evidence,
 
 Johnston v. State,
 
 868 So.2d 271, 278 (Fla.2003), and by the principles of stare decisis.
 
 McDuffie v. State,
 
 970 So.2d 312, 326 (Fla.2007).
 

 Hayward v. State,
 
 24 So.3d 17, 29 (Fla.2009). At trial, appellant objected to the admission of the 911 call, arguing that there had been too much time from the attack to the call such that the victim could have engaged in reflective thought. The trial court overruled the objection.
 

 The “excited utterance” exception to the hearsay rule allows the admission of a hearsay statement “relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition.” § 90.803(2), Fla. Stat. “[Tjhere must be “an event startling enough to cause nervous excitement,” “the statement must have been made before there was time to contrive or misrepresent,” and “the statement must be made while the person is under the stress of excitement caused by the event.”
 
 State v. Jano,
 
 524 So.2d 660, 661 (Fla.1988). The court will look to the interval of time between the startling event and the making of the statement.
 
 Id.
 
 at 662;
 
 Bienaime v. State,
 
 45 So.3d 804, 805-06 (Fla. 4th DCA 2010).
 

 The exact amount of time between the event and the statement which will justify a finding that the declarant engaged in “reflective thought” will depend on the specific facts of each case and may vary substantially between cases.
 
 See, e.g., Henyard v. State,
 
 689 So.2d 239 (Fla.1996);
 
 Bienaime,
 
 45 So.3d at 805-06. The Florida Supreme Court has held that the “[factors that the trial judge can consider in determining whether the necessary state of stress or excitement is present are the age of the declarant, the physical and mental condition of the declarant, the characteristics of the event and the subject matter of the statements.”
 
 Hayward,
 
 24 So.3d at 29 (quoting
 
 Hudson v. State,
 
 992 So.2d 96, 108 (Fla.2008)).
 

 Where the startling event was a shooting, the Florida Supreme Court has found that an interval of eight to ten minutes from the shooting to the time of the statement was properly admitted as an excited utterance.
 
 Rogers v. State,
 
 660 So.2d 237 (Fla.1995). In
 
 Rogers,
 
 the court found although there was “conceivably” time to engage in reflective thought, the record
 
 *155
 
 indicated the declarant was “hysterical,” and after the declarant called the police, she collapsed. After being revived, she drank a soda and made her statement. The declarant remained “very excited” and never appeared “relaxed or calm as she recounted the evening’s event.”
 
 Id.
 
 at 240.
 

 In this case, the declarant is a seventeen-year-old girl who called the 911 operator soon after being raped for thirty to forty-five minutes. After this extremely “startling” event, the victim spoke to her mother, who, in turn, convinced the victim to call 911. While the victim may have had an opportunity to engage in reflective thought, we cannot say that the trial court abused its discretion by allowing the introduction of the 911 tape. The record does not clearly refute the contention that the victim spoke to the 911 operator “under the stress of excitement caused by” her rape. As “reasonable men could differ as to the propriety” of the admission of the phone call, we affirm the trial court’s ruling.
 
 Canakaris v. Canakaris,
 
 382 So.2d 1197,1203 (Fla.1980).
 

 Finally, even if we found that the admission of the tape to be in error, we find the error to be harmless where the state has proven “beyond a reasonable doubt there is no reasonable possibility that the error contributed to the conviction.”
 
 Arrieta-Rolon v. State,
 
 36 So.3d 124, 127 (Fla. 4th DCA 2010);
 
 see also Ventura v. State,
 
 29 So.3d 1086 (Fla.2010) (rejecting an overwhelming evidence test for harmless error). The tape merely corroborated the victim’s own trial testimony regarding the attack.
 

 As to the other issues raised, we find that the trial court’s introduction of the victim’s prior consistent statement was a sound exercise of its discretion that does not merit further discussion. Further, the trial court’s consideration of other pending criminal charges was entirely permissible. For the foregoing reasons, we affirm the convictions and sentence of the appellant.
 

 Affirmed.
 

 STEVENSON and DAMOORGIAN, JJ., concur.