FARMER, J.
Defendant was charged with armed robbery but convicted of robbery with a weapon. The incident involved a cab driver. The driver testified that at the trip’s destination, the passenger and another man outside the cab robbed him. He said that the one outside the cab had a gun in his hand but he did not know if it was real. The driver called police at once and followed the fleeing perpetrators. Police responded immediately. Defendant was captured minutes later, a short distance away. No gun was ever found. At trial a police officer was permitted to testify that, under these circumstances, it is not unusual when a gun is not found. We reverse the conviction.
A trial court is given broad discretion in determining whether to admit or exclude evidence, but its discretion is limited and governed by the statutory Evidence Code. Johnston v. State, 863 So.2d 271, 278 (Fla.2003) (“The trial court’s discretion is limited by the rules of evidence.”); Nardone v. State, 798 So.2d 870, 874 (Fla. 4th DCA 2001) (court’s discretion narrowly limited by rules of evidence.). The evidence code excludes evidence solely proving propensity to commit a crime.[1]
Defendant argues reversible error in admitting police testimony to the effect that it is not unusual to fail to find any gun in an armed robbery case. He complains about the following testimony:
State: Detective, from your experience, is it unusual not to find a gun in the armed robbery?
Witness: Not at all, a lot of times we never find a gun.
Defense: Objection, relevance.
Court: Overruled.
State: Go ahead.
*98 Witness: No, it’s not unusual. A lot of times we never find a gun.
This testimony was inadmissible and highly prejudicial. It is well established that:
“[gjeneral criminal behavior testimony is not allowed as substantive proof of a defendant’s guilt because ‘every defendant has the right to be tried based on the evidence against him, not on the characteristics or conduct of certain classes of criminals in general.’ ”
Dean v. State, 690 So.2d 720, 723 (Fla. 4th DCA 1997) (quoting Lowder v. State, 589 So.2d 933, 935 (Fla. 3d DCA 1991), dismissed, 598 So.2d 78 (Fla.1992)). In Dean, we held the testimony of arresting detectives regarding the general behavior patterns of drug traffickers was error. We explained:
“The jury is asked to infer that because defendant’s behavior was similar to the behavior of other drug dealers that the officer had previously arrested or observed, defendant must likewise be guilty. The only purpose of testimony regarding criminal behavior patterns ‘is to place prejudicial and misleading inferences in front of the jury.’ The prejudicial effect is compounded because the defendant is deprived of any meaningful ability to cross-examine concerning the officer’s prior experience to determine whether the other cases are in fact similar.”
690 So.2d at 723.[2]
Based on the rationale of the cases, we conclude that it was error to allow police to testify that it is common not to find a gun in armed robbery cases. Criminal guilt is particular. This testimony patently embodies general criminal behavior. It was used to bolster the charge that this was an armed robbery even though no gun was found and tied to this defendant. Being armed during the robbery was an essential element of the crime charged, namely “carrying a firearm or other deadly weapon.” [3] The jury was asked to infer that defendant committed an armed robbery because other such robbers are often found without a gun.
Guilt in this case turned on the credibility of the driver as against the contrary testimony of defendant. We conclude that it “cannot be said that the patently prejudicial testimony was harmless.” Lowder, 589 So.2d at 936. Although the jury did not find that defendant possessed a firearm while committing the robbery,[4] the State has failed to satisfy us beyond a reasonable doubt that the officer’s testimony did not contribute to the conviction of robbery with a weapon, which is itself an enhanced offense beyond simple robbery.[5] *99 State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986).

Reversed for new trial.

WARNER and POLEN, JJ., concur.

. See § 90.404(2)(a), Fla. Stat. (2009).

. See also Shelton v. State, 654 So.2d 1295 (Fla. 4th DCA 1995) (finding reversible error where an officer was allowed to testify that money marked for identification was not always recovered and the lack of recovery was not abnormal); Lowder, 589 So.2d at 935 (holding it was error for the detective to testify that "[pjeople who sell narcotics usually have cash in their pocket.”).

. See § 812.13(2)(a), Fla. Stat. (2010) ("If in the course of committing the robbery the offender carried a firearm or other deadly weapon, then the robbery is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment or as provided in s. 775.082, s. 775.083, or s. 775.084”).

. See Mashburn v. State, 745 So.2d 453 (Fla. 5th DCA 1999) (defendant should be adjudicated guilty of and sentenced for offense of robbery with a weapon, rather than robbery with a firearm, where jury returned verdict finding defendant guilty with special finding that he did not possess a firearm).

. See n. 3 above; see also § 812.13(2)(b) & (c) (robbery with weapon not classified as life sentence; robbery without any weapon classified as second degree felony).