WELLS, Judge.
James Fabiean Cephus appeals from a judgment and sentence imposed for violating the terms of his probation alleging: insufficiency of the evidence regarding violation of one of the conditions of probation; *47 that the court below was not a neutral arbitrator of the issues; and that the sentencing scoresheet used by the lower court was erroneous. We find no error in the determination that Cephus violated his probation; but, based on the State’s proper confession of error regarding the sentence, we reverse and remand for resen-tencing.
On September 19, 2002, Cephus pled guilty to armed robbery with a deadly weapon and the trial court sentenced him to thirty months in prison followed by four years of probation in case number F02-20250. In late 2005, while on probation, the State filed affidavits alleging that Ce-phus had violated the terms of his probation by failing to report for the month of October 2005; failing to maintain gainful employment; and changing his residence without consent. On June 5, 2006, the State filed a Second Amended Affidavit, alleging an additional violation of probation for a new arrest on June 1, 2006, for armed robbery with a firearm and aggravated battery, in case number F06-17888.[1]
The trial court held a probation violation hearing on October 6, 2008, at which Ce-phus was represented by counsel. Therein, the court found that Cephus had violated his probation on all grounds alleged by the State, except for failure to maintain gainful employment. However, the court did not sentence Cephus at that time, but rescheduled sentencing for a later time, so that counsel could discuss a potential “global plea” to both the violation of probation and the new charges in case number F06-17888. If no agreement was reached, the trial court would then sentence Cephus on the probation violation and hold a trial on the new charges.
On October 8, 2008, the trial court held a sentencing hearing, wherein the lower court was presented with a scoresheet reflecting the sentencing range for the potential “global plea” encompassing both the violation of probation in case number F02-20250 and the new charges in case number F06-17888. Notwithstanding the parties’ failure to ever reach a “global plea,” other than questioning whether Ce-phus’ conviction in case number F02-20250 was improperly listed on the scoresheet as an armed robbery with a firearm rather than armed robbery with a deadly weapon — a distinction that made no difference to the scoresheet calculation — defense counsel did not otherwise object to the scoresheet and agreed that sentencing range was correct. The trial court then sentenced Cephus to thirty years in prison, to be followed by five years of probation in case number F02-20250.
Immediately after sentencing the defendant for the violation of probation, the trial court turned to what it presumed would be a jury trial on the new charges in case number F06-17888. After the State announced that it was not ready to proceed to trial because two witnesses were unavailable, and after the lower court denied the State a continuance, the State announced a nolle presqui of the charges in case number F06-17888. Cephus timely appealed his sentence on the probation violation in case number F02-20250.
On this appeal, the public defender filed a motion to withdraw pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). After reserving ruling on the motion to withdraw, providing Cephus the opportunity to file a pro se brief, and considering Cephus’ Initial Brief, this Court ordered the State *48 to respond to Cephus’ claim that his sentence in case number F02-20250 was illegal because it was based on an improperly calculated scoresheet. The State has conceded error on this claim and agrees that the defendant should be resentenced because the offenses in case number F06-17888 were not properly part of the sentencing undertaken on October 8, 2008. However, the State suggests that because defense counsel failed to object to the scoresheet in the court below Cephus cannot get relief on direct appeal, but must seek relief via a postconviction motion under either Florida Rule of Criminal Procedure 3.800 or 3.850.
While claims of ineffective assistance of counsel usually must be presented in a timely post conviction motion, “[tjhere are rare exceptions where appellate counsel may successfully raise the issue on direct appeal because the ineffectiveness is apparent on the face of the record and it would be a waste of judicial resources to require the trial court to address the issue.” Smith v. State, 998 So.2d 516, 522 (Fla.2008) (quoting Blanco v. State, 507 So.2d 1377, 1384 (Fla.1987)); Corvo v. State, 916 So.2d 44, 45 (Fla. 3d DCA 2005) (recognizing that with respect to claims of ineffective assistance of counsel raised on direct appeal, “[ojnly in cases where the incompetence is apparent on the face of the record and prejudice to the defendant is obvious do appellate courts address this issue on direct appeal” (quoting McMullen v. State, 876 So.2d 589, 590 (Fla. 5th DCA 2004))). Based on the record and the State’s confession that a sentencing error occurred below, we find that defense counsel’s ineffectiveness is apparent on the face of the record, that prejudice to Cephus is obvious, and that, therefore, it would be a waste of judicial resources to require Cephus to bring an ineffective assistance claim on a motion for postconviction relief in the lower court.
Accordingly, we affirm the order revoking Cehpus’ probation, but vacate the sentence and remand with instructions that he be resentenced.

. The State notes that a charge for attempted felony murder was later added to the Information and the Affidavit, though these documents are not contained in the record on appeal.