# Third District Court of Appeal

## State of Florida

Opinion filed May 03, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-2882
Lower Tribunal No. 14-8780
_____

**Jeff Scott,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Rodolfo A. Ruiz, Judge.

Carlos J. Martinez, Public Defender, and Robert Kalter, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Nikole Hiciano, Assistant Attorney General, for appellee.

Before ROTHENBERG, EMAS, and FERNANDEZ, JJ.

ROTHENBERG, J.

Jeff Scott, the defendant, appeals from a final judgment of conviction and sentence for three counts of sexual activity with a child by a person in familial or custodial authority, a first-degree felony. § 794.011(8)(b), Fla. Stat. (2014). The defendant argues on appeal that three alleged errors warrant reversal. Specifically, the defendant contends that: (1) the prejudice caused by the victim's testimony that she tried to commit suicide after the abuse outweighed its probative value; (2) an expert witness's recommendation that the victim should receive sexual abuse therapy improperly bolstered the victim's credibility; and (3) the prosecution improperly appealed to the jury's sympathy for the victim during closing arguments. For the following reasons, we affirm.

## I. Standard of Review

If the defendant had properly objected to these claimed errors at trial, we would be reviewing the admission of the victim's testimony, the expert's testimony, and the State's closing arguments for an abuse of discretion. See Cardona v. State, 185 So. 3d 514, 520 (Fla. 2016); O'Connell v. State, 480 So. 2d 1284, 1286 (Fla. 1985). The defendant, however, concedes that these alleged errors were not properly preserved for appellate review. The defendant must, therefore, establish fundamental error to obtain a reversal.

"Fundamental error is defined as the type of error which reaches down into the validity of the trial itself to the extent that a verdict of guilty could not have

2

been obtained without the assistance of the alleged error." <u>McDonald v. State</u>, 743 So. 2d 501, 505 (Fla. 1999) (internal quotation omitted); <u>see also</u> <u>J.B. v. State</u>, 705 So. 2d 1376, 1378 (Fla. 1998) ("An error is fundamental when it goes to the foundation of the case or the merits of the cause of action and is equivalent to a denial of due process."); <u>Hopkins v. State</u>, 632 So. 2d 1372, 1374 (Fla. 1994) (stating that "the fundamental error doctrine should be used very guardedly") (internal quotation marks omitted); <u>Smith v. State</u>, 521 So. 2d 106, 108 (Fla. 1988) ("The doctrine of fundamental error should be applied only in rare cases where a jurisdictional error appears or where the interests of justice present a compelling demand for its application."). No fundamental error has been demonstrated here.

## II. <u>The first alleged error: evidence of C.S.'s suicide attempt</u>

During the State's case-in-chief, C.S. briefly testified that, as a result of the defendant's abuse, she tried to commit suicide. The defendant argues on appeal that the introduction of this testimony was improper because its probative value was outweighed by the risk of unfair prejudice. Section 90.402, Florida Statutes (2014), provides that "[a]ll relevant evidence is admissible, except as provided by law." Section 90.403, Florida Statutes (2014), however, states that "[r]elevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence."

Whether C.S. was sexually abused was the sole, and thus, a material issue in this case. The case law has consistently held that the behavioral changes of a victim following the alleged sexual abuse is probative of whether the sexual abuse occurred. See Petruschke v. State, 125 So. 3d 274, 281 (Fla. 4th DCA 2013) (finding that testimony from the victim's parents that the victim "wet his bed more often, woke up crying with terror, and began counseling" after the alleged abuse was relevant and admissible to prove that the abuse actually occurred"); Elysee v. State, 920 So. 2d 1205, 1208 (Fla. 4th DCA 2006) (holding that the mother's testimony regarding the victim's "morose behavior" in the days following the alleged sexual abuse was relevant and admissible). As the Fourth District Court of Appeal noted in Elysee, "[i]f the victim had engaged in conduct inconsistent with the charges, for example, attending a party and enjoying herself, immediately after she left the scene, we have no doubt that the appellant would consider that evidence to be relevant." Elysee, 920 So. 2d at 1208.

Based on the facts in the instant case, we find that the admission of this relevant evidence, which did not become a feature of the trial, did not constitute an abuse of discretion under the balancing test of section 90.403, and certainly did not rise to the level of fundamental error. Under a fundamental error analysis, the defendant has the very high burden of showing that the alleged error reaches down into the foundation of the case, J.B., 705 So. 2d at 1378, such "that a verdict of

4

guilty could not have been obtained without the assistance of the alleged error."

McDonald, 743 So. 2d at 505 (quoting Urbin v. State, 714 So. 2d 411, 418 n.8 (Fla. 1998)).[1] The defendant has failed to satisfy that burden in this case.

## III. The second alleged error: Treto's therapy recommendation

Annette Treto ("Treto"), a counselor employed by the Child Protection Team, whose job description includes interviewing individuals who might have suffered sexual abuse, testified that after she interviewed C.S., she recommended that C.S. "go to the Kristi House for therapeutic services for help – help with her victimization and for DCF to look into the safety of the other children in the home, their concern for the mother's ability to protect the other children." Although the defendant concedes that Treto did not directly testify as to C.S.'s credibility or that she believed C.S. was telling the truth, the defendant nevertheless contends that Treto's testimony left the jury with the unmistakable impression that she believed that C.S. was telling the truth. Ramayo v. State, 132 So. 3d 1224, 1226 (Fla. 3d DCA 2014) (stating that it is improper for an expert to vouch for the truthfulness or

---

[1] We acknowledge that under different circumstances not present in this case, the trial court's admission of testimony regarding a victim's suicide attempt has been held to be an abuse of discretion. Johnson v. State, 40 So. 3d 883, 886 (Fla. 4th DCA 2010) (finding that the objected-to testimony about the victim's suicide attempt "cuts both ways," and therefore, the statement's probative value was "minimal at best"); Aho v. State, 393 So. 2d 30, 31 (Fla. 2d DCA 1981) (finding that the objected-to testimony of an investigating officer concerning hearsay statements made by the victim about her suicide attempt were improper and were not very probative because they were relayed to the officer ten days after the incident).

credibility of the victim); Geissler v. State, 90 So. 3d 941, 947 (Fla. 2d DCA 2012) ("Even if the expert does not comment directly on the child victim's credibility, expert testimony is improper if the juxtaposition of the questions propounded to the expert gives the jury **the clear impression** that the expert believed that the child victim was telling the truth.") (emphasis added).

The State contends, and we agree, that this statement did not leave the jury with the clear impression that Treto believed that C.S. was telling the truth. The facts in this case substantially differ from the facts in Ramayo and Geissler, where the expert witnesses expressly stated that they believed that the victim had been abused based on nothing more than the victim's own statements. Ramayo, 132 So. 3d at 1226 (finding error where the expert witness expressly stated that he believed that the victim had been abused and where he based his expert opinion on the victim's statements); Geissler, 90 So. 3d at 947 (finding that the expert witness improperly testified that she believed that the victim was abused based on the history of sexual abuse reported by the child). In contrast, Treto did not testify that she believed C.S. had been sexually abused, and defense counsel clarified in the cross-examination of Treto that Treto had not spoken to anyone other than C.S., she did not attempt to verify any of the information provided by C.S., and the verification of C.S.'s allegations was not her job, but the job of DCF and law enforcement. Accordingly, the defendant has not demonstrated error, let alone

6

fundamental error, in the admission of Treto's recommendation that C.S. receive therapy.

## IV. **The third alleged error: appealing to the jury's sympathy for C.S.**

At the start of its rebuttal closing argument, the prosecutor made the following comment: "Members of the jury, today is the day that you all get to do justice. Each and every one of you gets to do justice today for C.S." Additionally, at the end of the State's rebuttal argument, the prosecutor made the following argument:

> And today you get to do justice for her. You get to be her voice. You get to be the voice that she couldn't have, that she couldn't tell her mom, that she couldn't tell a teacher. You get to be her voice. You get to say you don't do whatever you want. You don't take whatever you don't -- whatever you want. You don't take the innocence of this child because you want to. You are her voice today, and you get to say you are guilty of all three counts because you violated this child repeatedly and she is still suffering. You get to be her voice.

These arguments have been uniformly condemned. See Cardona, 185 So. 3d at 522 ("The argument that the case is about 'justice' for the victim or the victim's family has been uniformly condemned."). There is thus no excuse for the continued use of such arguments by lawyers in this state. Although we do not find that these unobjected-to arguments constitute fundamental error, we caution prosecutors that these arguments must cease and remind opposing counsel and trial courts to be more vigilant in objecting to and precluding such arguments in the future. See Capron v. State, 948 So. 2d 954, 956-57 (Fla. 5th DCA 2007) (finding

7

that fundamental error in closing argument only "occurs when the prejudicial conduct, in its collective import, is so extensive that its influence pervades the trial, gravely impairing a calm and dispassionate consideration of the evidence and the merits by the jury"); see also Chandler v. State, 702 So. 2d 186, 191 n.5 (Fla. 1997) ("The prosecutor's comment[s] . . . about Chandler and his counsel were thoughtless and petty, *e.g.*, counsel engaged in 'cowardly' and 'despicable' conduct and Chandler was 'malevolent . . . a brutal rapist and conscienceless murderer,' but not so prejudicial as to vitiate the entire trial.") (second omission in original).

## V. Ineffective assistance of trial counsel

The defendant argues, in the alternative, that his trial counsel's failure to properly object to the above alleged errors constitutes ineffective assistance of counsel. The general rule is that a claim for ineffective assistance of counsel is not cognizable on direct appeal unless "the ineffectiveness is apparent on the face of the record and it would be a waste of judicial resources to require the trial court to address the issue." Cephus v. State, 52 So. 3d 46, 48 (Fla. 3d DCA 2010) (quoting Smith v. State, 998 So. 2d 516, 522 (Fla. 2008)); Corzo v. State, 806 So. 2d 642, 645 (Fla. 2d DCA 2002) ("On rare occasions, the appellate courts make an exception to this [general] rule when the ineffectiveness is obvious on the face of

the appellate record, the prejudice caused by the conduct is indisputable, and a tactical explanation for the conduct is inconceivable.").

As we have already discussed, the testimony regarding C.S.'s suicide attempt and Treto's therapy recommendation were not erroneously admitted at trial. Therefore, there can be no ineffective assistance of counsel by failing to object to the first two issues raised on appeal. As to the third issue, although it was improper for the prosecutor to appeal to the jury's sympathy for the victim, the claim of ineffective assistance of counsel is not cognizable on direct appeal because we cannot say, based on the face of the record, that defense counsel did not have a tactical reason for failing to object to these statements and that, but for the improper argument, there is a reasonable probability that the outcome would have been different. See Eure v. State, 764 So. 2d 798, 801 (Fla. 2d DCA 2000); see also Moore v. State, 820 So. 2d 199, 208 (Fla. 2002) (concluding that the prosecutor's two comments characterizing the defendant as "the devil" were improper, but too isolated to show ineffective assistance of counsel).

## VI. <u>Conclusion</u>

In summary, we find that the defendant has failed to demonstrate that the introduction of C.S.'s testimony regarding her suicide attempt, Treto's testimony regarding her therapy recommendation for C.S., and the State's improper comments during closing arguments constitute fundamental error, either

cumulatively or individually. We also find that the defendant's claim of ineffective assistance of counsel is not cognizable on direct appeal. Additionally, after full and fair consideration, we find that the defendant's remaining arguments are meritless, and we therefore decline to specifically address them here.

Affirmed.