# Third District Court of Appeal

## State of Florida

Opinion filed January 2, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-2183
Lower Tribunal No. F17-23088
_____


**Angelo Johnson,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Marisa Tinkler Mendez, Judge.

Carlos J. Martinez, Public Defender and Susan S. Lerner, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and David Llanes, Assistant Attorney General, for appellee.

Before LOGUE, C.J., and GORDO and LOBREE, JJ.

GORDO, J.

Angelo Johnson ("Johnson") appeals from a final judgment of conviction and sentence for second degree murder with a firearm and attempted second degree murder with a firearm. We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A); 9.140(b)(1)(A). Finding no fundamental error in the trial court's admission of testimony, we affirm.[1]

**I.**

Johnson was charged with one count of second degree murder with a firearm ("Count 1") and one count of attempted second degree murder with a firearm ("Count 2"), arising from a drive-by shooting that occurred in September 2016. During trial, the State elicited testimony from the lead detective regarding his administration of a photo lineup to an eyewitness, Steven Hadley ("Mr. Hadley"). Mr. Hadley, who was an off-duty police officer at the time of the incident, identified Johnson as the shooter and testified to this fact at trial. The following exchange took place at trial between the lead detective and the prosecutor:

> [DETECTIVE]: As soon as [Mr. Hadley] finished the last one he looked up at me. I asked him is there anybody there that you recognized and he immediately says yes, the person in number five.
>
> [PROSECUTOR]: How sure of that identification was he?

---

[1] We affirm the other issue on appeal without further discussion.

[DETECTIVE]: He never hesitated. My interpretation was he was a hundred percent sure that's the person he identified.

[PROSECUTOR]: And who did he ultimately identify?

[DETECTIVE]: The defendant.

The defense did not object to the introduction of this testimony. The jury convicted Johnson as charged, and he was sentenced to a 40-year prison sentence with a 25-year minimum mandatory sentence for Count 1, and a concurrent 40-year sentence with a 20-year minimum mandatory sentence for Count 2. This appeal followed.

**II.**

"A trial judge's ruling on the admissibility of evidence will not be disturbed absent an abuse of discretion." Johnston v. State, 863 So. 2d 271, 278 (Fla. 2003). Where an issue is not properly preserved, however, we review it for fundamental error. "Fundamental error is defined as the type of error which reaches down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error." Scott v. State, 218 So. 3d 476, 478 (Fla. 3d DCA 2017) (quoting McDonald v. State, 743 So. 2d 501, 505 (Fla. 1999)). "[T]he doctrine of fundamental error should be applied only in the rare cases where a jurisdictional error appears or where the interests of justice present a

compelling demand for its application." Ray v. State, 403 So. 2d 956, 960 (Fla. 1981).

On appeal, Johnson argues the lead detective's testimony constituted improper bolstering and the State continued to bolster his testimony in its closing argument. Having failed to object to the challenged testimony below, Johnson now argues this error was fundamental and deprived him of a fair trial.

It is well settled that "it is an invasion of the jury's exclusive province for one witness to offer his personal view on the credibility of a fellow witness." Boatwright v. State, 452 So. 2d 666, 668 (Fla. 4th DCA 1984). This is because "the jury is the sole arbiter of the credibility of witnesses." Id. "Improper vouching or bolstering of witness testimony occurs when the State places the prestige of the government behind the witness or indicates that information not presented to the jury supports the witness's testimony." Jennings v. State, 294 So. 3d 378, 381 (Fla. 4th DCA 2020) (quoting Jackson v. State, 147 So. 3d 469, 486 (Fla. 2014)). "It is especially harmful for a police witness to give his opinion of a witnesses' credibility because of the great weight afforded an officer's testimony." Page v. State, 733 So. 2d 1079, 1081 (Fla. 4th DCA 1999).

We find the lead detective's testimony as to his personal observations of his administration of the lineup to Mr. Hadley did not constitute improper bolstering because he did not opine on the ultimate issue of Mr. Hadley's credibility. The detective merely stated that Mr. Hadley appeared certain of his identification. As courts have previously found, this sort of testimony is permissible. Compare Bailey v. State, 162 So. 3d 344, 347 (Fla. 3d DCA 2015) (finding the detectives' testimony was proper and did not constitute improper bolstering because "neither detective said that [the victim and eyewitness] was a 'credible witness' or words to that effect") with Lee v. State, 873 So. 2d 582, 583 (Fla. 3d DCA 2004) ("Detective Hill was called to testify at trial. When the prosecution asked the detective if the victim had made 'any movements or had she pointed, to any one of the pictures' during the photo line-up, he responded that the victim selected a specific photo, and she 'was very positive' about her selection and he thought that *'she was a credible witness'*. . . We find that the police detective's response served to bolster the victim's credibility, and the admission of this testimony constituted reversible error.") (emphasis added) and Weatherford v. State, 561 So. 2d 629, 634 (Fla. 1st DCA 1990) ("[A] witness's testimony offered to vouch for the credibility of another is inadmissible."). Accordingly, because the lead

5

detective did not express his opinion as to Mr. Hadley's credibility, we find no fundamental error occurred.

Affirmed.