JACOBUS, J.
 

 The appellant, Juan Diaz, timely appeals the judgment and sentence entered after a jury found him guilty of robbery -with a deadly weapon. Diaz contends the lower court erred in denying his motion for mistrial made after the prosecutor referred to subject matter that was excluded before trial, and in allowing a detective to testify to hearsay statements. We agree that it was error to admit hearsay testimony from a non-testifying witness and, therefore, reverse and remand for a new trial.
 

 Before trial, the court granted the defense’s motion in limine to exclude testimony regarding an anonymous tip the police received naming Diaz as a suspect in the robbery. During opening statements, the prosecutor described the robbery, and the investigation leading up to Diaz’s arrest. According to the prosecutor, the lead detective was unable to identify the individual who committed the crime, but at some point, he received intelligence that gave him Diaz’s name. After receiving this tip, the detective created a photo lineup which he presented to the victim of the robbery. The victim immediately identified Diaz as the robber and, based on this, the detective located Diaz and arrested him. The defense objected to these statements and moved for a mistrial, arguing the State violated the court’s order in li-mine. The court overruled the objection and denied the motion for mistrial.
 

 During the detective’s trial testimony, the following exchange occurred:
 

 STATE: Were you able to identify who committed the robbery on that day on April 2nd, 2009?
 

 WITNESS: No.
 

 STATE: So what steps did you take in order to try to identify the individual?
 

 WITNESS: I got statements from the witnesses, from the clerk, the victim herself, and this went on — the information that I was given, at a later date I received a tip about who possibly the suspect might be.
 

 STATE: What did you do upon receiving that tip?
 

 WITNESS: I created a — I pulled the person’s driver’s license photo and it resembled very closely to the subject in the video.
 

 Defense counsel objected based on the order in limine, arguing this was inadmissible hearsay. The court overruled the objection.
 

 At trial, Diaz’s defense was misidentifi-cation. Defense counsel focused on the fact that Diaz has a prominent mole on the tip of his nose, and that the victim failed to mention the mole when describing the robber to the police and a sketch artist soon after the crime occurred. Nonetheless, Diaz was convicted of robbery with a deadly weapon and sentenced to twenty years in prison.
 

 Where “the inescapable inference from the testimony is that a non-testifying witness has furnished the police with evidence of the defendant’s guilt, the testimony is hearsay, and the defendant’s right of confrontation is defeated, notwithstanding that the actual statements made by the non-testifying witness are not repeated.”
 
 Postell v. State,
 
 398 So.2d 851, 854 (Fla. 3d DCA 1981). Here, the jury could easily conclude the investigating detective had no suspects in this case until he received a tip from a person, who did not testify at trial, that identified Diaz as the person who committed the robbery. It could further conclude that, based on this information, the detective created a photo lineup using Diaz’s driver’s license photo and Diaz was
 
 *1218
 
 subsequently identified by the victim. This type of testimony is hearsay, and should not be admitted at trial.
 
 [1]
 

 Wilding v. State,
 
 674 So.2d 114, 119 (Fla.1996), receded from on other grounds,
 
 Devoney v. State,
 
 717 So.2d 501 (Fla.1998);
 
 see Cedillo v. State,
 
 949 So.2d 339 (Fla. 4th DCA 2007) (admitting hearsay statement through officer reversible error where officer’s testimony implied that non-testifying witness made accusatory statement against Cedillo).
 

 The State contends that any error in admitting the hearsay testimony was harmless because there is ample evidence showing Diaz committed the robbery, including an unequivocal identification of Diaz by the victim both before and during trial. Contrary to the State’s assertions, the evidence of Diaz’s guilt was not overwhelming. The victim could not identify Diaz from the surveillance video, and when she described him to the sketch artist, she did not mention the prominent mole on the end of his nose. Therefore, admission of the hearsay testimony regarding the tip cannot be considered harmless beyond a reasonable doubt.
 
 See State v. DiGuilio,
 
 491 So.2d 1129 (Fla.1986);
 
 Jackson v. State,
 
 707 So.2d 412, 415 (Fla. 5th DCA 1998). Accordingly, the judgment and sentence are reversed and the matter is remanded for a new trial.
 

 REVERSED and REMANDED for new trial.
 

 MONACO, C.J. and EVANDER, J., concur.
 

 [1]
 

 . The State claims the detective’s testimony was presented to explain why Diaz’s photograph was included in the lineup. We reject this argument because a detective's reason for including the defendant's picture in a photographic array is irrelevant at trial and is not an issue to be decided by the jury.
 
 See Saintilus v. State,
 
 869 So.2d 1280, 1282 (Fla. 4th DCA 2004).