On Motion for Rehearing

WARNER, J.
We deny the motion for rehearing, withdraw our prior opinion and substitute the following in its place.
Appellant challenges the trial court’s order revoking his probation and sentencing him to five years in prison for failure to register as a sexual offender and one year for driving while license revoked — habitual offender. The court revoked his probation based upon the court’s finding that he committed a battery on a woman. He claims, however, that the court relied solely on hearsay. We disagree and affirm.
As relevant to this case, appellant, Rene Zelaya, was charged with violating his probation by committing a battery on a woman. At the hearing, the woman testified that she and Zelaya had gone for drinks and she had returned to his apartment and gone into Zelaya’s bedroom where they engaged in sexual intercourse. The prosecutor then asked if “at any time did he put his hands on you or push you or choke you that night?” She responded that afterward they “got into a little altercation.” Zelaya wanted her to leave the apartment, and she was not leaving quickly enough, so Zelaya pushed her to get her “stuff’ out. While she twice testified that he pushed her out of the apartment, and she was angry about him forcing her and her “stuff’ out, she did not remember any other contact. When confronted with her contrary statements to Zelaya’s probation officer, the victim simply said that she didn’t remember, and she might have embellished her story to the probation officer to get Zelaya in trouble.
*1259 Appellant’s probation officer testified that the victim told him that Zelaya choked and slapped her when she refused to have intercourse with him. They struggled, and then he tried to throw her out of the apartment with no clothes on. He then allowed her to get dressed, and when she left, she called the police.
The trial court found that appellant had committed a battery on the victim. It noted that it could not base its findings solely on hearsay, but it found the probation officer’s report of the incident more believable. Nevertheless, in both the probation officer’s account and in the account of the victim, each testified that Zelaya and the victim got into a struggle.
Appellant claims that since the probation officer’s recitation of the victim’s statements was hearsay, and the victim did not testify that appellant choked or slapped her, the state did not present any non-hearsay evidence to support the battery conviction. We disagree that the case involves solely hearsay evidence.
The trial court has broad discretion in determining whether a violation of probation has occurred and must consider all the particular facts and circumstances of the case to determine whether a violation is willful and substantial. Russell v. State, 982 So.2d 642, 646 (Fla.2008). While hearsay evidence is admissible in a probation revocation proceeding, hearsay alone cannot support a revocation of probation. Id.; see also Wilcox v. State, 770 So.2d 733, 736 (Fla. 4th DCA 2000). The hearsay evidence must be supported by some non-hearsay evidence. Russell, 982 So.2d at 646. Nevertheless, “[cjorroboration of every aspect should not be required in order to establish that the probationer committed a battery for the purpose of revoking probation.” Id. at 647.
Here the trial court found that appellant “put your hands on that woman” and did it “willfully and unjustly.” This finding is supported by the victim’s testimony itself in that she testified that appellant pushed her and that they engaged in a struggle. Moreover, the victim’s testimony was consistent with the probation officer’s testimony that the victim told him that she was engaged in a struggle with the appellant. Although it is apparent that the trial court also believed the probation officer’s recount of the victim’s other statements that appellant choked and slapped her, the court obviously knew that the battery could be proved by any intentional touching against the victim’s will. See § 784.03(1), Fla. Stat. That is what the court found, and competent substantial evidence supports the court’s findings.

Affirmed.

STEVENSON and CONNER, JJ„ concur.