PADOVANO, J.
The defendant, Wayne Powell, appeals his conviction for capital sexual battery. He contends that the trial court erred by admitting two extrajudicial statements into evidence under the excited utterance exception to the hearsay rule. We conclude that both of these statements should have been excluded, because the declarants were recounting events that had taken place many years earlier and they were no longer under the stress of excitement from those events. Because we cannot say beyond a reasonable doubt that the error in admitting the statements was harmless, we reverse for a new trial.
By an information filed on April 5, 2010, the state charged the defendant with the crime of sexual battery of a person under the age of twelve. According to the information, the crime was committed on or before June 1, 1997. The alleged victim is the defendant’s stepdaughter. At the time of the offense, she was living in Tallahassee with her mother, her older sister, and the defendant. The victim is now an adult.
The defendant pled not guilty to the charge, and the case proceeded to trial. At the close of the trial, the jury informed the court that it was not able to reach a verdict, and the judge declared a mistrial. The case was tried again before another jury, and the defendant was found guilty. In the second trial, the defendant raised the evidentiary issues that are under consideration in the present appeal.
The victim told the jury that the abuse began when she was about eight years old. She said that the defendant would look at her when she was naked and that he would touch her breasts and her vagina. This behavior progressed to a point at which the defendant would penetrate her vagina with his tongue and force her to have oral sexual contact with him. The victim was upset by the defendant’s actions. She asked him to stop on several occasions but she did not disclose the abuse to anyone else until many years later.
On direct examination, the prosecutor asked the victim about a conversation she had had with her mother in May 2008, when she was twenty-one years old. Defense counsel objected to this evidence on the ground that it was hearsay, but the objection was overruled. The victim testified that her mother called her to ask if the defendant had sexually molested her when she was a child. The victim said that it was not true but she called her mother back a few minutes later to say that it was true.
The trial court concluded that the victim’s denial of the abuse in the first phone call was not hearsay and that her confirmation of the abuse in the second phone call was admissible under the hearsay ex *572 ception for excited utterances. The victim testified that she was worried and scared when her mother called her to ask about the abuse and that her first instinct was to deny it. She decided to call her mother back to tell her the truth but, by that time, she was very upset. The prosecutor argued that the phone call from the victim’s mother came from “out of the blue” and that the victim did not have time to reflect on the matter in the short time before the second phone conversation in which she disclosed the abuse she had suffered as a child.
On cross-examination, the victim admitted that she had previously denied the molestation when asked about it by social workers in North Carolina. She explained that her former husband had been trying to get custody of their daughter and that she had lied about the abuse because she was living in the defendant’s home at that time and she was afraid that she would lose custody of the child if the social workers and the judge knew that the defendant had molested her as a child.
Prior to trial, the court had ruled that the state would be allowed to present evidence that the defendant had committed similar offenses against the victim and her older sister. The victim’s sister testified at trial that the defendant had sexually assaulted her when she was a child. She said that she decided to tell her mother about the abuse because she had learned that the defendant was going to be babysitting the victim’s daughter, and she did not want the same thing to happen to the child.
The prosecution called the victim’s mother as a witness and asked her about this conversation with the victim’s older sister. The defense objected on the ground of hearsay but, once again, the court concluded that the statement by the victim’s sister qualified as an excited utterance. The court reasoned that when the victim’s sister spoke with her mother, she was fearful of potential sexual abuse against her niece, and she was very upset by the prospect of telling her mother about her own sexual abuse as a child.
The victim’s mother then recounted the substance of her telephone conversation with the victim’s older sister. She said that the sister told her the defendant had sexually abused her as a child. The mother did not believe her at first, so the sister told the mother that she should call the victim. This led to the two phone calls between the victim and her mother in which the victim at first denied that the defendant had sexually assaulted her and then called back to say that he had.
Defense counsel called as defense witnesses Jeffrey and Emily Powell, the defendant’s children by a former marriage. When the defendant married the victim’s mother, Jeffrey and Emily were living with their mother, but they came to the defendant’s house for regular weekend visits. Several years later, they moved into the house with the defendant, his wife, and their two stepsisters.
Emily Powell testified that she shared a bedroom with the victim and the victim’s sister. She testified that while they were growing up together neither of the sisters ever gave the appearance that they had been abused. They participated in family activities, and it did not appear to her that they were upset with the defendant or that they did not want to be around him. Ms. Powell had many private conversations with her stepsisters over the years, and they never gave any indication that they had been mistreated by her father.
The jury found the defendant guilty of capital sexual battery, and the case is now before this court on appeal from the conviction. In this court, as in the trial court, *573 the defendant argues that the prior out-of-court statements by the victim and her sister should have been excluded as hearsay.
Trial judges have discretion to rule on some kinds of evidence issues, but whether a statement falls within the statutory definition of hearsay is a question of law. See Burkey v. State, 922 So.2d 1033 (Fla. 4th DCA 2006). Likewise, whether evidence is admissible in evidence under an exception to the hearsay rule is a question of law. See Chavez v. State, 25 So.3d 49 (Fla. 1st DCA 2009). Thus, we review the issue presented here by the de novo standard of review.
Section 90.802 of the Florida Evidence Code states the general rule that hearsay is inadmissible except as provided by statute. Hearsay is defined in section 90.801(l)(c), Florida Statutes as “a statement, other than one made by the declar-ant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.” See Charles W. Eh-rhardt, Florida Evidence, § 801.1 (2012).
Most hearsay issues involve an out-of-court statement that was made by one person and subsequently related in court during the testimony of another person. However, an extrajudicial statement made by the same person who is testifying also falls within the definition of hearsay. See Kenneth S. Broun, McCormick on Evidence § 251 (6th ed. 2006). The fact that the opposing party has an opportunity to cross-examine the witness about the prior statement does not remove the statement from the classification of hearsay.[1]
It follows from these general principles that the hearsay rule applies not only to the testimony by the victim’s mother in which she related an out-of-court statement by the victim’s sister, but also to the testimony by the victim in which she related her own out-of-court statement to her mother.
Both of these statements are hearsay, as the term is defined in the Florida Evidence Code, but that does not end the inquiry. We must determine whether the statements were properly admitted under an exception to the hearsay rule. At issue in this case is the excited utterance exception in section 90.803(2), Florida Statutes. This section provides,
90.803 Hearsay exceptions; availability of declarant immaterial. — The provision of s. 90.802 to the contrary notwithstanding, the following are not inadmissible as evidence, even though the declarant is available as a witness:
[[Image here]]
(2) EXCITED UTTERANCE. — A statement or excited utterance relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition.
To fall within this exception, the statement must meet the following elements: (1) there was an event startling enough to cause nervous excitement; (2) the statement was made before the declarant had *574 time to reflect or contrive; and (3) the statement was made while the declarant was under the stress or excitement caused by the event. See State v. Jano, 524 So.2d 660, 661 (Fla.1988).
The stress that justifies the admission of the statement can exist for a significant period of time after the startling event is over. However, the period of time the courts would consider to be significant in this context is most often measured in hours. See Bell v. State, 847 So.2d 558 (Fla. 3d DCA 2003) (admitting a statement made 50 minutes after an attempted kidnapping); Edmond v. State, 559 So.2d 85 (Fla. 3d DCA 1990) (admitting a statement made two or three hours after the offense); Akien v. State, 44 So.3d 152 (Fla. 4th DCA 2010) (admitting a statement made by a rape victim five minutes after she had been raped). As the supreme court explained in Jano, “[i]t would be an exceptional case in which a statement made more than several hours after the event could qualify as an excited utterance.” Jano, 524 So.2d at 663.
Both statements in this case were made long after the events the declarants were recounting. The victim and her sister were referring to acts of sexual abuse that had been committed many years earlier. There was ample time for reflection before both of the statements, and therefore neither of them qualifies as an excited utterance. See State v. Allen, 519 So.2d 1076 (Fla. 1st DCA 1988) (holding that a statement made six months after the sexual battery was not an exited utterance).
It is fair to assume that the victim of sexual abuse might become upset and excited merely by telling someone about the abuse, even in a conversation that takes place many years later. But that does not make the statement admissible as an excited utterance. The “startling event or condition” that is referred to in section 90.803(2) is the event that is the subject of the conversation, not the conversation itself. As the supreme court stated in Jano, “[t]he fact that a declarant long after the occurrence of a startling event once again becomes excited in the course of telling about it would not permit the statement to be introduced as an excited utterance.” Jano, 524 So.2d at 663.
The state’s theory for admitting the statement by the victim was that she was upset by the “out-of-the-blue phone call” from her mother. The prosecutor argued successfully in the trial court that the victim was caught off guard by the phone call and that she did not have time to reflect on the matter before she called her mother back to say that she had, in fact, been abused as a child. But the question is not whether the victim had time for reflection between the two phone calls. Rather, it is whether she had time for reflection between the sexual abuse and her disclosure of the sexual abuse in the statement she made to her mother.
Likewise, the justification for admitting the statement by the victim’s sister was that she had just learned that the victim and her daughter were living with the defendant and she feared that the victim’s daughter would suffer the same abuse that she and her sister had experienced. She was said to be hysterical when she told her mother about the abuse she had suffered as a child. But again, the question is not whether she had time for reflection between the recent news about her sister’s living arrangement and the conversation with her mother.
As to each of the two statements, the prosecution attempted to move the stress of excitement forward in time. However, the problem with this approach is that it disconnects the statements from the events the witnesses were describing. *575 This aspect of the excited utterance exception is not well developed in the case law, but as Professor McCormick has explained, there must be “a connection between the content of the statement and the event giving rise to it.” See Kenneth S. Broun, McCormick on Evidence § 272 (6th ed. 2006). Professor McCormick’s point is directly supported by the text of the Florida Evidence Code. Section 90.803(2) refers to a statement “relating to a startling event or condition made while the declar-ant was under the stress of excitement caused by the event or condition” (emphasis added). Here, the event that put the declarants in a state of stress and caused them to become excited (the realization that another family member could be exposed to harm and the trauma of receiving an unexpected call about a disturbing family secret) was not the event they were describing in their statements. The event that is the subject of both statements (the alleged sexual abuse by the defendant) took place many years earlier.
The state argues in the alternative that the conviction should be affirmed on the ground of harmless error. Specifically, the state argues that both the victim and her sister gave first-hand accounts of the abuse and that the statements they made about the abuse were merely cumulative to the testimony they gave in court. This argument must fail, however, because a prior consistent statement is, by its very nature, cumulative to the testimony it is offered to support. To conclude that the error was harmless because the statements were merely cumulative to testimony given in court would effectively reduce every error in admitting a prior consistent statement to the status of a harmless error.
We have undertaken our own harmless error analysis but we are unable to conclude beyond a reasonable doubt that the admission of these two statements was harmless. This was a close case. The first trial resulted in a mistrial after the jurors announced that they were unable to reach a verdict. The statements admitted in error were significant: one directly supported testimony about the offense, and the other directly supported collateral crime evidence. In these circumstances, it would be difficult to conclude that the error did not affect the verdict.
In summary, we conclude that the trial court erred by admitting the two statements made by the victim and her sister. Both statements were hearsay and neither qualified for admission under the excited utterance exception to the hearsay rule. Because the erroneous admission of these statements was not harmless, we reverse the defendant’s convictions and remand the case for a new trial.
Reversed.
BENTON, C.J., and SWANSON, J., concur.

. Some judges, Learned Hand among them, have expressed the view that a prior statement by the witness who is testifying in court should not be defined as hearsay. Testimony by a witness about a statement he or she previously made out of court is arguably in a different class from testimony by a witness about a statement someone else made out of court, even if the person making the statement also becomes a witness at trial. However, the orthodox view is that a prior statement by the witness testifying in court is hearsay, because it was not made under oath and because it was not subject to cross-examination when it was made. See Kenneth S. Broun, McCormick on Evidence, § 251 (6th ed. 2006).