LEVINE, J.
Appellant was convicted of attempted sexual battery. Over appellant’s objection, the state introduced testimony from the victim’s friend consisting of what the victim told her regarding the details of the attempted sexual battery. We find the trial court’s admission of this statement was error. Further, we find that the error in this case was not harmless, and therefore, we reverse appellant’s conviction.
The victim was a college student interested in becoming a physician’s assistant. She was introduced to appellant, a physician who agreed to allow her to observe him at his medical practice. When the work day ended between 7:00 p.m. and 9:00 p.m., the victim and appellant would have dinner at a local restaurant, and the victim would continue to question appellant about his medical practice.
On the night of the incident, appellant and the victim left appellant’s office to eat at the restaurant at about 9:15 p.m. Appellant’s partner declined an offer to join them. After dinner, appellant started driving the victim to his office instead of to her car. She asked where he was going, and appellant said to the center. The victim testified at trial that she thought that appellant must have forgotten something at the office.
At this point, appellant stopped the car and turned to the victim. The victim testified that appellant pushed her backward and put his dead weight on her. She testified to appellant assaulting her by touching her breasts and vaginal area, as well as pulling at her clothes and exposing her breasts. Appellant kissed the victim, “grinded” on her, and exposed his erect penis before he eventually ejaculated.
During the assault, the victim testified to repeatedly saying no and mentioning appellant’s wife and children to him. Ap *315 pellant only responded repeatedly that “you know you want this.” Subsequently, the victim then left appellant’s car and left the parking lot in her own car. While driving home, the victim saw appellant following her and did not answer either of two calls he made to her cell phone.
The victim called her friend. Over defense objection, the friend testified that the victim was upset because appellant was chasing her. She asked the friend what to do, and the friend told the victim to meet her at the hospital where the friend worked. Instead the victim went to the friend’s home, where she met the friend’s boyfriend upon arriving.
Later that night, the friend arrived home and found the victim lying on the couch. The friend noticed a “hickey” on the victim’s neck but did not notice the victim’s clothes to be torn or ripped. In their second conversation, the friend testified that the victim said she was “very nervous” due to the “events that taken place” and because of “being followed and what had happened with [appellant] that night.”
The trial court denied appellant’s objection to the state asking the friend what details the victim had relayed to her about the events of that night. The friend testified:
She stated to me that he had, she was in the passenger side of the vehicle, of his vehicle and he had moved on over to pin her down and force her to kiss, you know, to kiss her and stuff and, and later, you know, as that was happening he, what she told me was that he ejaculated on her, that’s what she told me.
Appellant again raised an objection, which the trial court overruled finding the friend’s testimony admissible as an excited utterance or as the first recounting of a sexual battery crime. The friend testified that although the victim did not explicitly state the incident was not consensual, “that’s what it seemed like ... she was getting at,” and that the victim “was trying to fight him off.”
At trial, the other evidence introduced included a “controlled call” between the victim and appellant. During the conversation, the victim said that what happened was not something she wanted and that appellant crossed the line. Appellant apologized and said he would “make sure it doesn’t happen again.” Appellant also said, “I didn’t listen to you, you know, and it all happened.” Appellant gave a statement to law enforcement in which he said that the victim participated in everything and that he did not force her to participate.
The defense called the friend’s boyfriend to testify. He stated that when the victim arrived the night of the incident he asked her if she wanted to call the police and the victim said no. Later, but before the friend arrived home, the victim woke the friend’s boyfriend because she was upset about a “hickey” on her neck. The boyfriend told her to use a frozen spoon on the spot.
Appellant was found guilty as charged and appeals his conviction. Appellant argues that the trial court erred by admitting the hearsay statement of the victim through the testimony of the victim’s friend. The trial court overruled appellant’s timely objection to the friend’s recounting of the victim’s version of events from that night that occurred after the friend returned home.
The state argues, in response, that the trial court did not abuse its discretion by admitting the friend’s testimony recounting the victim’s statements because (1) of the “first complaint” exception to the hearsay rule, (2) it was an excited utterance, and (3) the statement was not hearsay, but *316 rather a prior consistent statement. We find that none of the above reasons advanced by the state are correct and that the trial court abused its discretion by allowing the admission of the hearsay statements.
“The standard of review for admissibility of evidence is abuse of discretion, limited by the rules of evidence. [W]hether evidence falls within the statutory definition of hearsay is a matter of law, subject to de novo review.” Lucas v. State, 67 So.3d 332, 335 (Fla. 4th DCA 2011) (citations omitted). Thus, “whether evidence is admissible in evidence under an exception to the hearsay rule is a question of law ... [subject to] the de novo standard of review.” Powell v. State, 99 So.3d 570, 573 (Fla. 1st DCA 2012).
As to the “first complaint” exception to the hearsay rule, the state points to Irvin v. State, 66 So.2d 288 (Fla.1953), in which the Florida Supreme Court held that certain statements were admissible under this exception. Under the “first complaint” exception, “the fact that a victim of a sexual battery sought the first opportunity to complain is admissible to rebut any inference of consent that might be drawn from the silence of the victim.” Charles W. Ehrhardt, Florida Evidence § 803.1 (2013 ed.).
Even though there are Florida cases recognizing the “first complaint” exception, there are other cases holding that the adoption of the Florida Evidence Code eliminated any common law hearsay exceptions not codified by statute. In Chavez v. State, 25 So.3d 49, 51-52 (Fla. 1st DCA 2009), the court explained:
Although section 90.102 states that common law that does not conflict with the Code is still applicable in Florida, section 90.802 prohibits courts from admitting hearsay “except as provided by statute.” ... The Florida Evidence Code has expressly established that to be admissible, hearsay evidence must fall under a statutory exception.
Our court adopted the reasoning of Chavez in Mortimer v. State, 100 So.3d 99 (Fla. 4th DCA 2012). “Section 90.802 plainly provides, ‘Except as provided by statute, hearsay evidence is inadmissible.’ This means that the only exceptions to the hearsay rule in Florida are the ones recognized by statutes such as sections 90.803, 90.804, and 90.805, Florida Statutes (2010).” Mortimer, 100 So.3d at 102.
Applying this reasoning to the common law “first complaint” rule leads to the conclusion that it is no longer a valid exception to the prohibition on admitting hearsay testimony. The Irvin case was decided in 1953, before the adoption of the Florida Evidence Code in 1976. Furthermore, no provision of the Florida Evidence Code has specifically authorized the “first complaint” exception to the hearsay rule, as set forth in section 90.802, Florida Statutes. Thus, because “only exceptions to the hearsay rule in Florida are the ones recognized by statutes,” and “the admission of hearsay evidence under the common-law ... contradicts this express directive,” the testimony of the victim’s friend should not be admissible. Mortimer, 100 So.3d at 102; Chavez, 25 So.3d at 52.
Even if the “first complaint” rule remains a valid exception, the testimony of the victim’s friend in this case would still be inadmissible. In Irvin, in response to the question of “[w]hat did she tell you?,” the husband was allowed to testify that his wife, the victim, told him that she was raped. 66 So.2d at 294. The Florida Supreme Court further elucidated that “[n]one of the information amounted to narration of the criminal assault save only the single statement” that the victim had *317 been raped, and the court determined that the husband’s testimony of his wife’s statement “was quite proper.” Id.
In the present case, unlike Irvin, the friend’s testimony went far beyond the “single statement” of the attempted sexual battery, and amounted to a “narration of the criminal assault.” Thus, even under Irvin, the testimony of the friend would be improper and beyond the parameters of the “first complaint” exception. See also Burgess v. State, 644 So.2d 589, 591 (Fla. 4th DCA 1994) (holding that the “first complaint exception allows only the fact of the report of the sexual battery but not the details”).
For all the reasons stated above, we find the admission of the friend’s statement was inadmissible hearsay, and not admissible under the “first complaint” rule.
The trial court also relied on section 90.808(2), Florida Statutes (2010), to admit the friend’s recitation of the victim’s statement as an “excited utterance.” As this court has explained:
[I]n order for an excited utterance to be admissible, the following requirements must be met: (1) there must have been an event startling enough to cause nervous excitement; (2) the statement must have been made before there was time to contrive or misrepresent; and (3) the statement must have been made while the person was under the stress of excitement caused by the startling event.
Mariano v. State, 933 So.2d 111, 115 (Fla. 4th DCA 2006) (citation omitted).
Thus, where the time between the event and the statement is long enough to permit “reflective thought,” the statement will be excluded unless there is evidence that the “declarant did not in fact engage in a reflective thought process.” Id. at 116 (citation omitted). The state must present evidence that the declarant did not engage in reflective thought during the time between the time of the event and the statement.
In Hutchinson v. State, 882 So.2d 943 (Fla.2004), abrogated on other grounds by Deparvine v. State, 995 So.2d 351 (Fla.2008), a witness testified that she spoke to a murder victim about a fight the victim had with the defendant on the night of the murder. Because it was unclear how much time had passed between the fight and the victim’s statement, and the state failed to present evidence that the declar-ant did not engage in reflective thought, the Florida Supreme Court held that the victim’s statement could not be admitted as an excited utterance.
In the present case, it is also unclear from the record the time between the incident and the time when the victim told the friend of the incident. Therefore, the state did not meet its burden to establish that the victim did not engage in reflective thought before telling her friend of the incident. We find the trial court erred in relying on the excited utterances exception in admitting the victim’s hearsay statements.
The state also argues that we can affirm the admission of the friend’s testimony regarding the victim’s statement based on the application of the prior consistent statement rule, pursuant to section 90.801(2)(b), Florida Statutes (2010). Although the trial court did not rely on this ground, the state would have us affirm under the rule of “tipsy coachman.” See Robertson v. State, 829 So.2d 901, 906 (Fla.2002) (The tipsy coachman doctrine “allows an appellate court to affirm a trial court that ‘reaches the right result, but for the wrong reasons’ so long as ‘there is any basis which would support the judgment in the record.’ ”) (citations omitted).
*318 Under section 90.801(2)(b), Florida Statutes, prior statements of a witness that are “[c]onsistent with the declarant’s testimony and ... offered to rebut an express or implied charge against the de-clarant of improper influence, motive, or recent fabrication” are “not hearsay if the declarant testifies at the trial ... and is subject to cross-examination concerning the statement.” (emphasis added). “Both conditions must be satisfied to admit a prior consistent statement as nonhearsay.” Graham v. State, 56 So.3d 97, 102 (Fla. 4th DCA 2011). Additionally, “a prior consistent statement is inadmissible under section 90.801(2)(b) if it is made after the witness’ motive to lie arose.” Carter v. State, 115 So.3d 1031, 1035 (Fla. 4th DCA 2013).
Here, the defense accused the victim of having a motive to fabricate that the incident was non-consensual once she discovered the hickey on her neck. The defense proffered that the victim wanted to rekindle a relationship with an ex-boyfriend whom she knew would see the hickey. The testimony of the friend’s boyfriend revealed that the victim was aware of the hickey before the friend came home and before the victim spoke with the friend revealing details of the assault. In other words, the victim’s second conversation with the friend — during which she revealed details of the assault — occurred after the point in time at which the defense argued that she had a motive to fabricate. Thus, the victim’s hearsay statement to the friend was inadmissible as a prior consistent statement. See id.
The admission of inadmissible hearsay evidence is subject to harmless error analysis. Peterson v. State, 874 So.2d 14 (Fla. 4th DCA 2004). The harmless error test “places the burden on the state, as the beneficiary of the error, to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction.” State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986). “The pertinent question in a harmless error analysis is not the sufficiency or quality of the remaining, properly admitted evidence; rather, it is ‘whether there is a reasonable possibility that the error affected the verdict.’ ” Pulcini v. State, 41 So.3d 338, 346 (Fla. 4th DCA 2010) (citation omitted).
In Carter v. State, 951 So.2d 939 (Fla. 4th DCA 2007), the trial court erroneously admitted hearsay statements made by a carjacking victim to a police officer. “Because there was no physical evidence or independent eyewitness testimony to corroborate the victim’s account of events, the victim’s credibility was a crucial issue in the trial.” Id. at 944. The hearsay statements “tended to bolster the credibility of the victim and provide self-corroboration.” Id. Furthermore, the prosecution featured the hearsay statements in its closing argument. Accordingly, this court reversed and remanded for a new trial because there was “a reasonable possibility that the error contributed to the conviction.” Id. at 945; see also Powell v. State, 99 So.3d 570, 575 (Fla. 1st DCA 2012) (finding the admission of the victim’s hearsay statements regarding a sexual assault to be harmful and holding that “[t]o conclude that the error was harmless because the statements were merely cumulative to testimony given in court would effectively reduce every error in admitting a prior consistent statement to the status of a harmless error”); Elysee v. State, 920 So.2d 1205, 1208 (Fla. 4th DCA 2006) (“Allowing the officer to bolster the credibility of the victim, who was the only witness to the crime, with her prior consistent statements, was prejudicial.”); Valley v. State, 860 So.2d 464 (Fla. 4th DCA 2003) (holding the erroneous admission of a hearsay statement of identification to be harmful *319 where the state used the improper hearsay to bolster its closing argument and strengthen a contested issue in the case).
Here, allowing the friend’s testimony was prejudicial and harmful in that it provided self-corroboration of the victim’s testimony, bolstered the victim’s credibility which was a crucial issue at trial, and was featured in the state’s closing argument before the jury. See Carter, 951 So.2d at 944; Elysee, 920 So.2d at 1208. The fact that the friend’s testimony concerning the victim’s statements was “merely cumulative to testimony given in court,” does not make the error harmless. Powell, 99 So.3d at 575. The state did not “prove beyond a reasonable doubt ... that there is no reasonable possibility that the error contributed to the conviction.” DiGuilio, 491 So.2d at 1135.
In conclusion, we find that the trial court’s error in admitting inadmissible hearsay from the friend, testifying to the details of the incident as relayed to her by the victim, is not harmless error beyond a reasonable doubt. Therefore, we reverse and remand for a new trial.

Reversed and remanded.

WARNER and GROSS, JJ., concur.