NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


ROBERT LEONARD, DOC #474367,       )
                                   )
            Appellant,             )
                                   )
v.                                 )     Case No. 2D15-1949
                                   )
STATE OF FLORIDA,                  )
                                   )
            Appellee.              )
                                   )
_____)

Opinion filed June 10, 2016.

Appeal from the Circuit Court for Polk
County; Glenn T. Shelby, Judge.

Howard L. Dimmig, II, Public Defender, and
Richard J. Sanders, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Cornelius C. Demps,
Assistant Attorney General, Tampa, for
Appellee.


WALLACE, Judge.

          Robert Leonard appeals from his judgment and sentences following his

conviction in a bench trial for the offenses of leaving the scene of an accident with death

contrary to section 316.027, Florida Statutes (2009), a first-degree felony, and

tampering with evidence contrary to section 918.13, Florida Statutes (2009), a third-

degree felony.  We affirm Mr. Leonard's judgment and sentence for the offense of

leaving the scene of an accident with death without comment.  Because the trial court

erroneously admitted hearsay testimony pertinent to the tampering charge over timely

defense objection and it is not clear from the record that the trial court did not rely on

that evidence in reaching its determination of guilt, we reverse Mr. Leonard's judgment

and sentence for tampering.

## I.  THE FACTS AND THE PROCEDURAL BACKGROUND

Count 2 of the information alleged that Mr. Leonard

did alter, destroy, conceal or remove a record, document, or
thing, to-wit, a motor vehicle and the windshield of the motor
vehicle, with the purpose to impair its verity or availability in
a proceeding or investigation knowing that a criminal trial,
proceeding or investigation by a duly constituted law
enforcement agency of this State was pending or was about
to be instituted . . . .

During the State's case-in-chief, the detective who investigated the accident testified

that he initially traced the vehicle in question to Mr. Leonard's sister based on a partial

license plate number that had been provided by a witness.  Upon further investigation,

the vehicle was located at Mr. Leonard's home.  When the vehicle was found, it had a

different license plate number on it than the one that had led law enforcement to Mr.

Leonard's sister.  At that point in his testimony, the detective explained that he next

contacted the tag agency and learned that Mr. Leonard had changed the registration

and license plate of the vehicle from his sister to himself.  Mr. Leonard's counsel

immediately objected on hearsay grounds, but the trial court overruled the objection.

## II.  THE HEARSAY ISSUE

"[W]hether a statement falls within the statutory definition of hearsay is a question of law." Powell v. State, 99 So. 3d 570, 573 (Fla. 1st DCA 2012). Thus, our review of the issue presented in this case is de novo. Id.

There is no doubt that the detective's testimony regarding how he learned about the change of the vehicle's registration was inadmissible hearsay. The analysis is quite straightforward. The detective was merely reporting what he had been told by a person or persons unknown at the tag agency. This is classic hearsay. See § 90.801(1)(c), Fla. Stat. (2009) (" 'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."). Furthermore, the detective's testimony on this point was inadmissible because it was not based on personal knowledge. See § 90.604 ("[A] witness may not testify to a matter unless evidence is introduced which is sufficient to support a finding that the witness has personal knowledge of the matter."); see also Bryant v. State, 124 So. 3d 1012, 1015 (Fla. 4th DCA 2013) ("Where a witness has no personal knowledge of a matter, and the witness's knowledge is derived entirely from information given by another, the witness's testimony is incompetent and inadmissible as hearsay.").

The State does not argue that the evidence was admissible under any exception to the hearsay rule. Instead, the State argues that the detective's testimony about what he had learned at the tag agency was not made for the truth of the matter asserted but was relevant to corroborate Mr. Leonard's admission that he owned the vehicle. The State's argument is without merit. The fact of Mr. Leonard's ownership of the vehicle at some point in time was not relevant to any issue at the trial other than as

a consequence of the fact that he changed the registration at a time when the police were looking for a vehicle with a different license plate number that was registered to a different person. Thus, the detective's testimony about what he learned at the tag agency was offered to prove the truth of the matter asserted, i.e., that Mr. Leonard changed the registration and tag to avoid detection. See Diaz v. State, 62 So. 3d 1216, 1217 (Fla. 5th DCA 2011) ("Where 'the inescapable inference from the testimony is that a non-testifying witness has furnished the police with evidence of the defendant's guilt, the testimony is hearsay, and the defendant's right of confrontation is defeated, notwithstanding that the actual statements made by the non-testifying witness are not repeated.' " (quoting Postell v. State, 398 So. 2d 851, 854 (Fla. 3d DCA 1981))).

### III. THE QUESTION OF HARMLESS ERROR

In the alternative, the State argues that the admission of the detective's testimony on this point was harmless error. We disagree. Although it may be reasonable to assume that, in a bench trial, the trial judge would disregard inadmissible evidence, "[t]his presumption is rebutted where the record demonstrates that the trial court relied upon or expressly admitted the erroneous evidence over objection." Petion v. State, 48 So. 3d 726, 734 (Fla. 2010) (emphasis added). Granted, the trial court may cure the erroneous admission of evidence by "expressly stat[ing] on the record that this evidence did not contribute to the final judgment or determination." Id. at 727. But in this case, the trial court did not do so. In addition, the prosecutor emphasized the inadmissible evidence in his response to Mr. Leonard's motion for judgment of acquittal, specifically arguing that the tampering charge was supported by the testimony that Mr. Leonard had changed the registration of the vehicle on the day after the accident.

We have not overlooked the testimony about Mr. Leonard's post-accident replacement of the vehicle's damaged windshield. The evidence of this fact would have tended to prove Mr. Leonard's guilt on the tampering charge. Nevertheless, we are unable to determine what weight the trial court gave to the evidence of the change of registration and tag in reaching its determination of Mr. Leonard's guilt, especially in light of the trial court's admission of the inadmissible hearsay over strenuous defense objection and the prosecutor's express reliance on this evidence in his response to Mr. Leonard's motion for a judgment of acquittal on the tampering charge. Thus, we cannot conclude "that there is no reasonable possibility that the error contributed to the conviction." State v. DiGuilio, 491 So. 2d 1129, 1138 (Fla. 1986).

## IV.  CONCLUSION

For the foregoing reasons, we reverse Mr. Leonard's judgment and sentence on the tampering charge and remand for a new trial on that offense. We affirm Mr. Leonard's judgment and sentence for leaving the scene of an accident with death.

Affirmed in part, reversed in part, and remanded for further proceedings.

VILLANTI, C.J., and BADALAMENTI, J., Concur.