DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**J.T.J.,** a Child
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D21-2735

[November 2, 2022]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Cymonie S. Rowe, Judge; L.T. Case Nos. 502018CJ000743A, 502018CJ000948A, 502020CJ001875A, 502020CJ 000017A, and 502020CJ001565A.

Carey Haughwout, Public Defender, and Logan T. Mohs, Assistant Public Defender, West Palm Beach, and Antony P. Ryan, Regional Counsel, and Richard Bartmon, Assistant Regional Counsel, Office of Criminal Conflict and Civil Regional Counsel, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.

FORST, J.

Appellant J.T.J., a child, appeals the trial court's adjudication of delinquency and revocation of probation. We affirm without discussion the trial court's adjudication of delinquency in the proceedings charging Appellant with trespass of an occupied structure or conveyance and resisting without violence. However, we reverse the trial court's revocation of probation, and remand with instructions.

**Background**

The State filed a petition for violation of probation ("VOP") against Appellant, alleging twenty-one VOP offenses. Many of these VOP allegations ultimately were not ruled upon by the trial court or were withdrawn by the State. Thus, the only VOP allegations that are pertinent to this appeal are: (1) curfew violations that allegedly occurred on April 28,

May 21, August 21, and October 27, 2020; and (2) unexcused school absences that allegedly occurred on October 15, 19, 21, 22, and 23, 2020.

At the beginning of the two-day revocation of probation hearing, the State requested the trial court to take judicial notice of school records that were obtained from Appellant's high school. The State submitted the school records on the first day of the revocation of probation hearing, but these records were filed without a written notice of intent to admit them into evidence as required under the business records hearsay exception. *See* § 90.803(6)(c), Florida Statutes (2020). The trial court took judicial notice that the school records were in the court file, but then explained to the parties that the school records' contents were not yet admitted into evidence, and any issue regarding the school records' admissibility would be addressed later.

The State called a Juvenile Probation Officer ("JPO#1") as a witness. JPO#1 testified that she was Appellant's JPO from November 2019 to July 2020. JPO#1 also testified that she recalled Appellant having unexcused absences from school on several occasions but could not recall which specific days. The State attempted to refresh JPO#1's recollection with the school records. However, Appellant objected on the grounds that the State failed to lay a proper foundation for the contents of the school records to come into evidence and further argued that the State was trying to circumvent this requirement under the guise of refreshing the witness. The trial court sustained the objection.

During the direct examination of JPO#1, the State attempted to admit the school records into evidence, but Appellant objected on the ground that the school records were inadmissible hearsay, arguing that the State was required to admit the school records under a hearsay exception. In response, the State argued that the school records were admissible under the business records exception because they were certified and authenticated, and as a result, the State did not require a records custodian to lay the predicate for their admission.

Appellant renewed his objection, arguing that even though the school records were certified and authenticated, the school records were nevertheless inadmissible because the State failed to serve Appellant with a written notice of intent to admit the school records during the hearing. The trial court sustained the objection, explaining that "unless there is some evidentiary basis to admit [the] records . . . because there is no notice of intent to use, those records cannot be used unless you have another mechanism by which you are seeking to get those records admitted."

The State then called a second JPO ("JPO#2") as a witness. JPO#2 stated that she has been Appellant's juvenile probation officer since August 2020. She further testified about one occasion where she visited Appellant's school and discovered he was not there. However, the date of this occurrence to which she testified was not one of the dates charged in the VOP petition.

The State later called Appellant as a witness and asked him whether he had any unexcused absences from school in October 2020. Initially, Appellant stated that he could not remember, but after the State used the school records to refresh his memory, he confirmed he had unexcused absences in October. However, he did not specify the number of absences, nor did he provide the specific dates on which these absences occurred.

During the hearing, the State withdrew its allegation that the Appellant violated his curfew on April 28, 2020. Additionally, the State did not present any evidence to support the allegation that Appellant violated his curfew on May 21, 2020. The State presented a witness who testified that he was a detective and had arrested Appellant late one night, while Appellant was away from his home in violation of his curfew. The detective had testified in a related adjudicatory hearing earlier on the day of the VOP hearing that this arrest occurred on October 27, 2020. However, at the VOP hearing, the detective stated he could not recall the specific date of the arrest.

After the State rested, Appellant moved for a judgment of dismissal, arguing that the trial court should dismiss the State's VOP petition. The trial court denied the motion. The day after the revocation of probation hearing concluded, the State filed a written notice of intent to admit the school records as required under the business records hearsay exception.

Subsequently, the trial court issued a written order granting the State's VOP petition. Within this order, the trial court, for the first time, admitted the school records into evidence on the basis that those records were admissible under the business records hearsay exception. The trial court then relied on the information contained within the school records and found Appellant had violated his probation by having unexcused absences from school on October 15, 19, 21, 22, and 23, 2020. The trial court also found that Appellant had violated his probation by not complying with his curfew on April 28, May 21, August 21, and October 27, 2020.

On appeal, Appellant argues that the trial court erred in finding he violated his probation by not complying with his curfew obligations on April 28, May 21, and October 27, 2020, and for having unexcused

3

absences from school on October 15, 19, 21, 22, and 23, 2020. Appellant does not raise any argument on appeal challenging the trial court's finding that he violated his curfew on August 21, 2020.

**Analysis**

"To revoke probation, the conscience of the court must be satisfied that the State proved by a greater weight of the evidence that, under the totality of the circumstances, the probationer deliberately, willfully, and substantially violated a condition of his or her probation." *Davis v. State*, 48 So. 3d 176, 179 (Fla. 4th DCA 2010) (quoting *Ubiles v. State*, 23 So. 3d 1288, 1290 (Fla. 4th DCA 2010)). A trial court's decision to revoke probation is reviewed "for an abuse of discretion and to determine whether competent, substantial evidence supported the decision." *Bauer v. State*, 96 So. 3d 1063, 1066 (Fla. 4th DCA 2012). However, "whether evidence is admissible in evidence under an exception to the hearsay rule is a question of law . . . [subject to] the de novo standard of review." *Browne v. State*, 132 So. 3d 312, 316 (Fla. 4th DCA 2014) (alteration in original) (quoting *Powell v. State*, 99 So. 3d 570, 573 (Fla. 1st DCA 2012)).

When a VOP petition alleges that a defendant has committed a VOP on a specific date, the State must present evidence showing that the VOP occurred on that specific date as opposed to some undetermined date. *See T.T. v. State*, 82 So. 3d 1019, 1020 (Fla. 4th DCA 2011) ("We reverse the circuit court's finding that appellant violated his probation. The affidavit of violation specified that appellant had violated a condition of probation by skipping school or being tardy on specific dates. There was no evidence presented at the hearing that appellant violated probation on those dates.").

*A. VOP due to alleged school absences*

In the instant case, the State attempted to prove the specific dates on which Appellant's unexcused school absences occurred by relying on the information contained in the school records. Specifically, the State attempted to admit the school records into evidence under the business records hearsay exception. However, this hearsay exception requires that the party seeking to admit certified and authenticated records into evidence "shall serve reasonable written notice of that intention upon every other party and shall make the evidence available for inspection *sufficiently in advance of its offer in evidence to provide to any other party a fair opportunity to challenge the admissibility of the evidence.*" § 90.803(6)(c), Fla. Stat. (2020) (emphasis added).

4

As the State had failed to provide this written notice before the VOP hearing, the trial court correctly sustained Appellant's objection to the school records' admission. Nevertheless, after the hearing had concluded, the trial court inexplicably admitted the records into evidence, thus denying Appellant the opportunity to question witnesses about the records or to address the records' authenticity during closing arguments.

Moreover, the State failed to comply with section 90.803(6)(c)'s requirement to serve Appellant with the written notice of its intent to admit the school records into evidence "sufficiently in advance," but instead served the written notice *after* the revocation of probation hearing had concluded. As a result, the school records must be deemed as inadmissible hearsay.

"While [otherwise inadmissible] hearsay evidence is [nevertheless treated as being] admissible in a probation revocation proceeding, hearsay alone cannot support a revocation of probation. The hearsay evidence must be supported by *some* non-hearsay evidence." *Zelaya v. State*, 87 So. 3d 1257, 1259 (Fla. 4th DCA 2012) (citations omitted); *see also Russell v. State*, 982 So. 2d 642, 646 (Fla. 2008) (holding that the trial court was allowed to consider "a hearsay statement of the victim, which would be inadmissible at trial," in a revocation of probation proceeding because it was supported by "non-hearsay testimony of direct observation of victim injury and attendant circumstances").

Here, the State failed to present *any* corroborating non-hearsay evidence to support the information contained within the school records, because none of the witnesses were able to testify as to the specific dates on which Appellant's unexcused school absences occurred. As a result, no competent substantial evidence supports the trial court's findings that Appellant violated his probation by having unexcused school absences on the specific dates charged in the VOP petition.

## B. VOP due to alleged curfew violations

The State alleged Appellant violated his curfew on four occasions in 2020: April 28, May 21, August 21, and October 27.

Although the State presented testimony showing that Appellant violated his curfew on April 28, 2020, the State, during the hearing, withdrew this allegation. Thus, the trial court's VOP finding on this allegation was erroneous. *See Davis v. State*, 210 So. 3d 101, 103 (Fla. 2d DCA 2016) ("We have found no on-point case in the probation context involving a challenge to a revocation based on an allegation withdrawn by

the State. Nevertheless, numerous cases hold that it is trial court error to revoke probation for conduct not alleged in the charging document." (citations omitted)); *Nagel v. State*, 758 So. 2d 1206, 1208 (Fla. 4th DCA 2000) ("The revocation of a defendant's probation based on a violation not alleged in the charging document is a deprivation of the right to due process of law." (quoting *Richardson v. State*, 694 So. 2d 147, 147 (Fla. 1st DCA 1997))).

Furthermore, the State did not present any evidence showing that Appellant violated his curfew on May 21, 2020. The VOP petition suggests that a law enforcement officer would be the best source of any information regarding this allegation. However, that witness was never called to testify. Therefore, no competent substantial evidence supports the trial court's VOP finding regarding the alleged May 21 curfew violation.

Additionally, the State called a detective to testify that he arrested Appellant late at night in violation of his curfew. However, the detective was unable to recall the specific date on which this arrest occurred. Although the detective provided testimony regarding the specific date of the arrest (October 27, 2020) in Appellant's resisting without violence adjudicatory hearing earlier that day, such testimony cannot be relied upon because it was not presented during the pertinent hearing. *See Davis v. State*, 207 So. 3d 177, 192 (Fla. 2016) ("It is improper for a trial court to consider 'evidence from a different trial that was introduced in the guilty phase of the present trial.'" (quoting *Dailey v. State*, 594 So. 2d 254, 259 (Fla. 1991))).

Accordingly, the only VOP finding which remains valid is the trial court's finding that Appellant violated his curfew on August 21, 2020. This finding was not challenged by Appellant in the instant appeal.

However, despite the existence of a valid VOP finding, we cannot affirm the trial court's revocation of probation, because it is not apparent from the record whether the trial court still would have revoked Appellant's probation based on this single VOP finding. Thus, remand is appropriate. *See Gavins v. State*, 587 So. 2d 487, 491 (Fla. 1st DCA 1991) ("Where revocation of a defendant's probation or community control is based on violation of more than one condition of probation or community control and one of the grounds for revocation is found not to be supported by the record, but the other ground is a substantial violation supported by the record and could by itself support revocation, appellate courts have reversed the order of revocation and remanded for reconsideration by the trial court if it was unclear from the record that the trial court would have revoked the probation or community control based solely on the remaining

substantial violation."); *Robinson v. State*, 907 So. 2d 1284, 1287 (Fla. 2d DCA 2005) ("Because the trial court improperly revoked [the defendant's] probation based on the fact of his arrests for DUI and driving without a valid driver's license, and because we cannot determine whether the court would have revoked [the defendant's] probation based solely on his violations of conditions 3 and 9, we reverse and remand with instructions.").

## Conclusion

As noted above, we affirm the trial court's adjudication of delinquency in the proceedings charging Appellant with trespass of an occupied structure or conveyance and resisting without violence. With the exception of the trial court's VOP finding that Appellant committed a curfew violation on August 21, 2020, the trial court's VOP findings were erroneous or not supported by competent, substantial evidence. Because we cannot determine from the record whether the trial court would have revoked Appellant's probation based solely on the August 21, 2020 curfew violation, we must reverse and remand for the trial court to consider whether this VOP finding, standing alone, warrants revocation of Appellant's probation.

*Affirmed in part, reversed in part and remanded with instructions.*

MAY and GERBER, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**